AL SHALLOCK, INC., Appellant, vs. ZURICH GENERAL AC-
CIDENT & LIABILITY INSURANCE COMPANY, LTD.,
Respondent.*

*February 4—March 2, 1954.*

---

* Motion for rehearing denied, with $25 costs, on May 4, 1954.

268

For the appellant there were briefs and oral argument by *Irving A. Puchner* of Milwaukee.

For the respondent there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* and *John F. Zimmermann* of counsel, all of Milwaukee, and oral argument by *Mr. Zimmermann* and *Mr. Prosser.*

FAIRCHILD, C. J.  The contract entered into by appellant with respondent provides certain conditions under which liability was to attach to respondent but which relieved respondent from liability in the event of failure by appellant to comply with the terms of the condition.

The insurance contract was not an absolute one, and the conditions imposed and agreed to were conditions precedent which must be met before either party became bound by the contract.

Paragraphs 9 to 13 of the garage liability policy issued by the respondent Insurance Company to the appellant corporation provide as follows:

Paragraph 9. *"Notice of Accident.* When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.  Such notice shall contain particulars sufficient to identify the insured, and also reasonably obtainable information respecting the time, place, and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Paragraph 10. *"Notice of Claim or Suit.* . . . If claim is made or suit is brought against the insured, the insured

shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative."

Paragraph 11. *"Assistance and Co-operation of the Insured.* . . . The insured shall co-operate with the company. . . ."

Paragraph 13. *"Action Against Company.* . . . No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, . . ."

Sec. 204.34 (3), Stats., specifies that:

". . . Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity, or bond, as provided in subsection (1) if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."

The respondent Insurance Company advances the following two contentions:

(1) That the failure of the appellant to forward immediately to the respondent the letter of Attorney H. J. Scholl dated October 20, 1950, constituted a violation of paragraph 10 of the garage liability policy and prevents appellant from recovering on either cause of action.

(2) That failure of the appellant to give notice of the accident until twenty-three months had elapsed constituted prejudice as a matter of law and left no fact question to be determined with respect thereto.

With respect to the first contention: Upon the basis of the following authorities, we are of the opinion that Scholl's letter clearly constituted a "claim" within the provisions of paragraph 10 of the policy. *Will of Heinemann* (1930), 201 Wis. 484, 489, 230 N. W. 698; *Prigg v. Commonwealth of Pennsylvania* (1842), 41 U. S. (16 Peters) 539, 10 L. Ed. 1060, 1089; Black's Law Dictionary (4th ed.), p. 313;

*Wheeler v. Equitable Life Assur. Society* (1942), 211 Minn. 474, 1 N. W. (2d) 593. Scholl's letter set forth the facts of the accident and stated that he had been retained by Cesarz with reference to personal injuries and property damages sustained by Cesarz in the accident. It further asserted that the appellant was guilty of negligence which made it liable for Cesarz's damages. There, therefore, would seem to be no question but what appellant's failure to forward immediately Attorney Scholl's letter to the respondent Insurance Company prevents appellant from asserting any liability on the policy against the respondent with respect to any damages Cesarz will be entitled to recover growing out of the accident.

There is also presented the question as to the claim of the passenger Holfert. However, Holfert was injured in the same accident, and if Attorney Scholl's letter had been forwarded promptly, respondent would have soon ascertained such fact. We, therefore, conclude that the respondent has a complete defense on its policy as to Holfert's damages as well as those of Cesarz.

This conclusion makes it unnecessary for us to decide the question of whether mere lapse of time in giving the notice required under paragraph 9 of the policy would alone establish prejudice under the provisions of sec. 204.34 (3), Stats., as a matter of law or whether in each case a fact question is raised as to whether there has been no prejudice, the burden of proof to establish which is on the insured.

There is a motion by respondent to review the taxation of costs, and it insists upon an allowance of costs of $100 in each case. This allowance should be granted. Sec. 271.04 (1), Stats., provides that "When the amount recovered or the value of the property involved is $1,000 or over, the costs (exclusive of disbursements) shall be $100; . . ." See also *French v. Continental Assur. Co.* (1938), 227 Wis. 203, 278 N. W. 388. A valuable contract right involving a heavy liability is involved. The claim as

set forth far exceeds $1,000. Costs should follow in favor of the prevailing party. While the matter in this court carries but a single allowance of costs and printing, still in the court below there were two separate actions differing sufficiently to warrant the allowance of $100 costs in each case. Respondent's motion to review the judgment with relation to costs is modified accordingly.

*By the Court.*—Judgments modified and, as modified, affirmed. Causes remanded with directions to enter judgments not inconsistent with this opinion.