Martin, C. J.
The trial court held that defendant has a complete affirmative defense in bar of plaintiff’s cause of action. We agree.
Under the policy, McNamér was required to notify Rural Mutual immediately of any claim or suit brought against him and forward the process received by him. Upon his death, that duty devolved upon his personal representative, upon whom the counterclaim was served. Failure to comply with the terms of the policy was a breach of the insurance contract and relieved Rural Mutual of liability as to such •claim. Heimlich v. Kees Appliance Co. (1950), 256 Wis. 356, 41 N. W. (2d) 359, Anno. 18 A. L. R. (2d) 455; Al Shallock, Inc., v. Zurich General Accident & Liability Ins. Co. (1954), 266 Wis. 265, 63 N. W. (2d) 89.
There can be no doubt that Rural Mutual was prejudiced by failure of McNamer’s personal representative to give it notice of the counterclaim. It was not a party to *408 that action; it was deprived of its right to defend against the counterclaim on the merits; it was afforded no opportunity to protect its interests.
Plaintiff urges that this is a separate and distinct action from the earlier McNamer Case and no claim is being made here on the basis of the pleadings in that action. The claim made in this case is, however, based upon McNamer’s alleged negligence, as was its claim in the earlier case. That issue was tried, the jury finding the deceased free from negligence as to position on the highway, the only question submitted as to McNamer. The jury found Dempsey causally negligent as to position on the highway and as to operating his vehicle while intoxicated. American, the defendant in that case, appealed on the questions of Dempsey’s negligence only. It presented no argument with respect to the finding on McNamer’s negligence. This court held the evidence insufficient to support the findings as to Dempsey’s negligence and ordered the complaint dismissed. Now American attempts to retry the issue of McNamer’s negligence in an action against his insurer on the identical cause of action it asserted by counterclaim in the previous case. Moreover, as the trial court observed, it could be reasonably inferred that American knew or should have known that Rural Mutual was the insurer of McNamer, but it did not seek to join the insurance company as a party defendant in the previous action.
The facts recited above as to the McNamer Case are unnecessary to a decision in this case except to show that the claim made by plaintiff in this action is the same claim it asserted in the previous case against McNamer’s personal representative. The bar to its cause of action now arises from its own failure to join Rural Mutual in the first instance and then pursue its claim on the previous appeal.
By the Court, — Judgment affirmed.