WISCONSIN MICHIGAN POWER CO. *v.* GENERAL CASUALTY & SURETY CO.

1. INSURANCE—MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT.

Award of compensation under workmen's compensation act to injured employee in proceedings in which both employer and insurer participated was binding on both as determining their liability to claimant.

Findings upon claim for compensation as binding upon insurance carrier, see annotation in 28 A. L. R. 882.

2. Same—Breach of Contract.

    Employer's failure to immediately notify insurer of accident to employee, of which it had notice, as required by policy, was substantial breach of contract, releasing insurer.

3. Same—Waiver.

    Where insurer was codefendant with employer in proceedings by injured employee under workmen's compensation act, its continuing in defense of the case after learning of employer's failure to immediately notify it of accident, as required by policy, did not constitute waiver of breach.

Error to Dickinson; Bell (Frank A.), J. Submitted October 24, 1930. (Docket No. 38, Calendar No. 34,862.) Decided December 2, 1930.

Assumpsit by Wisconsin Michigan Power Company, a Wisconsin corporation, successor and assignee of the Iron Mountain Electric Light & Power Company, a Michigan corporation, against General Casualty & Surety Company, a Michigan corporation, on a contract of employers' liability insurance. From judgment for defendant, plaintiff brings error. Affirmed.

*Leigh C. Caswell* (*Max Sells* and *Shaw, Muskatt & Sullivan,* of counsel), for plaintiff.

*Derham & Derham,* for defendant.

Butzel, J. Plaintiff Wisconsin Michigan Power Company is the successor to and assignee of the Iron Mountain Electric Light & Power Company, which elected to come under the Michigan workmen's compensation act. Defendant General Casualty & Surety Company issued its universal standard workmen's compensation policy to plaintiff's assignor. It thus became directly responsible under its policy and also sub-section 4 of section 5473, 2

Comp. Laws 1915, for all awards that might be made to the employees of plaintiff's assignor. One Adolph Poisson, who had been an employee for many years, claimed that, on May 15, 1926, in the course of his employment, he had sustained severe injuries; that he gave notice thereof to the superintendent both on that day and again on July 17, 1926; that he was struck on the hip by a large pole in the forenoon of May 15, 1926, and was unable to work the remainder of the morning; that he resumed work after lunch; that, except for a short period he took off in June for a wedding trip, he worked steadily until the middle of July, when he was forced to stop on account of his injuries which have totally incapacitated him. He first doctored for rheumatism, but he later found that he was suffering from what appeared to be sarcoma. Plaintiff's assignor claimed that its employees frequently sustained slight bruises and scratches, and that no particular attention was paid to them, either by the company or the employees; that it was the policy of the company to pay wages in full to employees while sick or on vacations; that it continued to pay Poisson his wages until the beginning of December, 1926, and upon ceasing to pay, Poisson gave notice of his claim for compensation. Upon receipt of the claim, plaintiff's assignor sent defendant a copy of the claim together with a letter dated December 4, 1926. This was the first knowledge defendant had of the accident. The reason given defendant for the tardiness of the notice was that Poisson had notified plaintiff's assignor of the accident but a few days previous. In acknowledging its receipt, defendant stated that it would look after the claim and also invited the attorneys for plaintiff's assignor to assist in the defense, if they cared to. In

the course of the hearing, it developed that on May 15, 1926, and again on July 17, 1926, the superintendent of plaintiff's assignor had been informed of the accident by Poisson. Notwithstanding the fact that it thus learned that plaintiff's assignor had breached its contract by not giving prompt notice of the accident to defendant, the latter did not withdraw from the case, but continued to defend against the claim at the hearing before the deputy commissioner, and before the commission on an appeal by claimant. The deputy commissioner found that Poisson's condition was the result of disease and not an accident, but on appeal the commission reversed this finding and awarded claimant full compensation. The attorneys for plaintiff's assignor were also invited by defendant to participate in the hearing on the appeal.

After the final award, defendant wrote to plaintiff that it denied liability on account of the breach by plaintiff's assignor of the following clause of the policy:

"This employer, upon the occurrence of an accident, shall give immediate written notice thereof to the company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If, thereafter any suit or other proceedings is instituted against this employer, he shall immediately forward to the company every summons, notice or other process served upon him. Nothing elsewhere contained in this policy shall relieve this employer of his obligations to the company with respect to notice as herein imposed upon him."

Upon failure to receive the amount of the award, Poisson brought suit and recovered judgment against both defendant and plaintiff's assignor.

The latter paid the judgment and brought the present suit against the defendant to recover the amount thus paid. Plaintiff appeals from a judgment in favor of defendant.

The sole questions in the case are whether the failure to promptly notify defendant of the accident was such a breach of the insurance contract as to release defendant from further liability; and whether defendant's conduct in continuing the defense after ascertaining the true facts constituted a waiver of the breach. Under the stipulation of facts filed in the case, plaintiff's assignor knew of the accident on May 15, 1926. It was not until December 4, 1926, that defendant first learned of it.

The award became conclusively binding on defendant as well as on plaintiff's assignor and definitely determined their liability to claimant Poisson. *Lumbermen's Mutual Casualty Co.* v. *Bissell,* 220 Mich. 352 (28 A. L. R. 874). It, however, did not settle the controversy between plaintiff's assignor and defendant, as to which should be ultimately liable for the payment of the award and judgment. There was a distinct breach of an essential provision of the insurance contract by plaintiff's assignor when it failed to give defendant the prompt notice of the accident it was entitled to under the policy. In *Oakland Motor Co.* v. *American Fidelity Co.,* 190 Mich. 74, it was determined that the failure to give prompt notice of an accident and claim in compliance with the terms of the policy did release the insurance company from liability. It was pointed out that this provision in the contract was an important one. It was particularly so in the present case. There was much doubt as to whether Poisson was suffering from a disease or the accident. The deputy commissioner decided that it

was due to a disease. While the facts of the case were determined from the evidence by the finding of the commissioners, it is possible that further evidence might have been discovered by a prompt and thorough investigation and possibly a different result reached. The provision in the policy that the insurance company be notified of the accident is an important one. With its corps of trained investigators and attorneys, defendant might have promptly investigated the accident and claimant's condition, and ascertained the true facts. The breach of the contract was a substantial one and it released defendant. Plaintiff, however, claims that defendant waived this breach by continuing to defend the case. We do not believe that this constituted such a waiver. Our attention is called to the cases of *Burnham* v. *Interstate Casualty Co.*, 117 Mich. 142; *Crystal Ice Co.* v. *United Surety Co.*, 159 Mich. 102; and *Walter* v. *Insurance Co.*, 120 Mich. 35. The facts and conclusions in these cases are so different that they are not even remotely applicable. In the present case, defendant insurance company was directly responsible to the claimant both under its policy and the provisions of the workmen's compensation act. It was a defendant in the main case. Plaintiff's assignor misled it by stating that it had just learned of the accident when as a matter of fact it had this knowledge of the accident many months before it notified defendant. When defendant was finally notified of the claim with the misleading information as to when plaintiff's assignor learned of it, defendant promptly agreed that it would assume the defense of the claim, as it was bound to do under its policy. It, however, in turn notified plaintiff's assignor that its attorneys could "sit in" the case. It is true that at the hearing

before the deputy commissioner it learned for the first time that plaintiff's assignor had failed to give it prompt notice of the accident. As one of the defendants in the case, it was bound to protect its rights. It, therefore, continued in the defense of the claim on appeal, but notified plaintiff's assignor to have its own attorneys present. It could not withdraw and be released from further liability in proceedings in which it was a party defendant. It did not waive the breach by protecting its rights. The judge of the lower court so held, and the judgment in favor of the defendant is affirmed, with costs.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.