PARRISH, Respondent, vs. PHILLIPS, Defendant: COMMERCIAL CASUALTY COMPANY, Appellant.

*November 9—December 6, 1938.*

441

442

For the appellant there was a brief by *O'Leary & Joyce* of Neenah, and oral argument by *John W. O'Leary*.

For the respondent there was a brief by *Barber, Keefe, Patri & Stillman* of Oshkosh, and oral argument *by W. Mead Stillman*.

MARTIN, J. The errors assigned by the appellant are that the court erred (the first trial) :

(1) In not directing a verdict in favor of the defendant Casualty Company at the close of the testimony;

(2) In denying defendant Casualty Company's motion for judgment notwithstanding the verdict rendered by the jury, for the reason that the answer to Question No. 2 is not supported by the credible evidence;

(3) In refusing to give instructions requested by defendant Casualty Company;

(4) In giving erroneous instructions which were prejudicial to said defendant;

And as to the second trial:

(1) In refusing to reduce the damages awarded by the jury or grant a new trial;

(2) In refusing to grant a new trial because of the improper and prejudicial argument to the jury by counsel for the plaintiff, and the court's failure to instruct the jury in regard thereto.

The insurance policy issued to the defendant Phillips contains the following provisions:

"Condition F. Upon the occurrence of an accident covered by this policy, written notice thereof containing the fullest information obtainable at the time shall be given to this company's authorized agent and such notice shall contain particulars sufficient to identify the assured and also reasonably obtainable information respecting the time, place and circumstances of the accident, with the name and address of the injured and any available witnesses."

*"Reporting Accidents, Losses, Claims, and Suits. Cooperation of Assured.* Upon the occurrence of an accident covered by this policy the assured shall give as soon as practicable written notice thereof, containing the fullest information obtainable at the time to this company or its duly authorized representative."

"Condition X. Any specific statutory provisions in force in the state in which it is claimed that the assured is liable for any such loss as is covered hereby shall supersede any provision in this policy inconsistent therewith."

"Condition Y. Any and all provisions of this policy which are in conflict with the statutes of the state wherein this policy is issued are understood, declared, and acknowledged by this company to be amended to conform to such statutes."

The foregoing provisions are modified and deemed amended by the following statutes:

"Sec. 204.33 (3) No policy of insurance, agreement of indemnity or bond as provided in subsection (1) shall limit

the time for the giving of notice of any accident or casualty covered thereby to a period less than that provided in section 204.29 (1). Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity or bond as provided in subsection (1) *if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."*

Sec. 204.29 (1), Stats., provides:

"No licensed accident or casualty insurance company in Wisconsin shall limit the time for the service of any notice of injury *to less than twenty days,"* etc.

It appears that the insurance policy in question was issued to the defendant Phillips through the company's agent who resided in the city of Neenah at the time the policy was issued and at all subsequent times. It is conceded that Phillips failed to give any notice of the accident to the insurance carrier or to its local agent for a period of thirty-three days following the accident. It is true that Phillips was not required to notify his insurance carrier within the twenty-day period immediately following the date of the accident because of the statutory provisions above quoted. However, immediately upon the expiration of said twenty-day period, the above-quoted provisions of his policy were effective and required that he "give as soon as practicable written notice thereof, containing the fullest information obtainable at the time to this company or its duly authorized representative."

On this issue, the trial court has held as a matter of law that Phillips did not give such notice as soon as practicable. We fully agree with the trial court's ruling in this respect.

"Where the facts are uncertain or disputed, and the inferences doubtful, the question whether timely notice was given is one for the jury under proper instructions; but, where the facts are not in dispute, and the inferences are certain, it is a question of law for the court." *Foster v.*

*Fidelity & Casualty Co. of New York,* 99 Wis. 447, 451, 75 N. W. 69.

The reasons for the policy provisions requiring the assured to give written notice of an accident as soon as practicable are obvious. As said in *McCarthy v. Rendle,* 230 Mass. 35, 38, 119 N. E. 188:

"The occurrence of an accident and injury, however slight, may result in litigation, even in protracted litigation. It is the experience of every defender of causes that it is a matter of first importance to become possessed of all material facts and of the names and residences of all known witnesses at the earliest possible moment, as facts may be forgotten or distorted and witnesses may go beyond reach."

Of course, the ruling of the trial court on the issue of notice was made and relates to the failure of the defendant Phillips to give such notice as soon as practicable following the expiration of the twenty-day period mentioned in secs. 204.29 (1) and 204.33 (3), Stats., above quoted.

On the first trial the jury found, by its answer to the second question of the verdict, that appellant was not prejudiced or damaged by the failure of the defendant Phillips to give notice of the accident as soon as practicable after the occurrence thereof. Appellant contends that this finding is not sustained by the evidence and that a directed verdict should have been granted in its favor. While failure to give notice shall not bar liability under the policy of insurance, provided the insurer was not prejudiced or damaged by such failure, it is clear that the provisions of sec. 204.33 (3), Stats., create a presumption that the insurer is prejudiced or damaged by the failure of the assured to give notice of injury as soon as practicable because said statute puts the burden of proof upon the person claiming liability of showing that the insurer was not prejudiced or damaged by such failure.

It appears that on the day of the accident, defendant Phillips made a report of the accident to a police sergeant in the

Menasha police department. The police officer made a written memorandum of Phillips' report. This report shows that Phillips stated that plaintiff was struck by a car going west on Main street and thereby thrown in front of the Phillips' car then proceeding east on Main street. Phillips further reported that the westbound car did not stop. On the first trial, Phillips testified:

"*Q.* And at that time did you advise the police officers that another car coming west on Main street had struck Mr. Parrish and threw him onto your car? *A.* I can't answer that yes or no, that will take some explaining I am sure. That is misconstrued somewhat.

"*Q.* Well what do you mean you can't answer it yes or no? *A.* I did not definitely make the statement that the party was hit by some other car.

"*Q.* You did not? *A.* No, sir.

"*Q.* What statement did you make to the police officer? *A.* I said that the man [plaintiff] was in a position that appeared to me that he had been hit previous to hitting my car and that I couldn't say how he got up in that position unless he had been struck by some other car.

"*Q. Did you see another car? A. I met another car right there at that time.*"

Mr. Phillips admits that he told one of the investigators and the local agent for the insurer when they interviewed him about the accident soon after January 26, 1937, that he thought plaintiff had been hit by another car going west on Main street and that the westbound car did not stop. There is no dispute in the testimony as to the fact that Phillips did meet a car westbound on Main street at the time and place of the accident in question. It further appears that diligent efforts were made to ascertain the identity of the driver of this westbound car but without success. It also appears that subsequent to January 26, 1937, Phillips told appellant's local agent and one of its attorneys that a taxi driver witnessed

the accident. It appears that this taxi driver had quit his job, left the city and could not be located.

The police sergeant to whom Phillips reported the accident in the forenoon of the day it occurred did not make any investigation. He testified:

"I did not make any independent investigation at that time because I was alone. I did not instruct anybody in the police department to make any investigation, either at that time or later. This report I have written indicates that Phillips claimed that Mr. Parrish was hit by a car going west and thrown into his car."

The respondent argues that there is evidence from which an inference may be drawn of no prejudice or damage to the insurance company resulting from the assured's failure to give notice as soon as practicable immediately following the expiration of the twenty-day period. Respondent contends that the decision in *Corwin v. Salter,* 194 Wis. 333, 216 N. W. 653, is in point. The facts in the instant case are clearly distinguishable. In the *Corwin Case* the court said at page 337:

"Every person who was present, being only three members of the defendant's family and the plaintiff, were available as witnesses upon the trial, and it seems to us that there was nothing which the defendant could have gained by an earlier inquiry into the matter. All the information lay in the breasts of the defendant, his wife, the little girl, and the plaintiff."

The controlling question here is, Does the evidence overcome the presumption that the insurer was prejudiced or damaged because of the delayed notice to the insurer of the accident? The plaintiff had this burden. Sec. 204.33 (3). We have carefully examined all the evidence and conclude that the plaintiff has not met the burden of proof as to the second question in the first verdict; that the answer "No" thereto must be stricken and the answer "Yes" substituted

448

therefor.  The motion of the appellant for a directed verdict should have been granted.

*By the Court.*—The judgment as to the appellant is reversed, and the record remanded with directions to enter judgment in favor of the appellant and against the respondent dismissing the complaint.