CALHOUN, Respondent, vs. WESTERN CASUALTY & SURETY COMPANY, Appellant.

*October 11—November 6, 1951.*

For the appellant there was a brief by *Ramsdell, King & Carroll* and *Frank L. Morrow,* all of Eau Claire, and oral argument by *George M. Carroll.*

For the respondent there was a brief by *Stafford & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford.*

GEHL, J.   Plaintiff, Jacqueline Calhoun, was injured on February 16, 1949, as the result of the negligent operation of an automobile by her mother, Zoe Yates. Mrs. Yates was insured by defendant company which is the sole defendant in this case. It is conceded that no notice of the accident was given to defendant prior to February 16, 1950. The insurance contract contains the following provision:

"When an accident occurs, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information regarding the date, place, and circumstances of the accident, the names and addresses of the injured and all available witnesses."

The jury by its answer to question 6 of the special verdict found that notice of the accident by or on behalf of Mrs. Yates to the defendant was given as soon as practicable. This question should have been answered by the court, that it was not given as soon as practicable. Here there was a delay of at least eleven months. In *Parrish v. Phillips,* 229 Wis. 439, 282 N. W. 551, there was a delay of thirty-three days. The facts, so far as they are pertinent on this question, are not distinguishable from those existing here, and the court held that as a matter of law the notice was not given as soon as practicable. Sec. 204.34 (3), Stats., provides:

". . . Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity, or

bond as provided in subsection (1) if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."

Despite the fact that the jury found that timely notice had been given, it found by its answer to question 7 of the verdict that the defendant had been prejudiced or damaged by the lack of an earlier notice. We might, if we were required to, accept the latter finding as conclusive. We are not required to do so.

The statute, sec. 204.34 (3), Stats., creates a presumption that the insurer is prejudiced by failure to give timely notice and puts the burden of proof to rebut the presumption upon the person claiming liability. *Parrish v. Phillips, supra.* We find nothing in the record which would permit the jury to conclude that plaintiff had overcome the presumption. No proof whatever was offered by her to establish that the company had not been prejudiced by the delay.

Plaintiff contends, however, that although the failure to establish nonprejudice might defeat her claim, the defendant is estopped to assert the defense of forfeiture and has waived the defense of untimely notice. She urges in support of her contention that the defendant's investigation of the accident had disclosed full information; the assured gave a signed statement of the facts and talked to defendant's representative from time to time; she was in court as a witness; the defendant made no disclaimer of liability nor did it refuse to protect her under the terms of the policy, and defended the action without tendering its defense to her.

All that plaintiff claims is true. The fact is, however, that in defending the action defendant did only that which it was compelled to do under the circumstances. Plaintiff's claim was against defendant alone and, of course, it had no alternative but to defend or to permit judgment to be taken

against it by default. It is not as though Mrs. Yates had been sued or had been joined in the suit with the company and the company had assumed and conducted the defense of the action on her behalf without disclaiming liability and giving notice of its reservation of rights; under such circumstances the company would be precluded from setting up the ground of forfeiture. 29 Am. Jur., Insurance, p. 672, sec. 878. As the sole defendant the company was compelled, however, to protect its rights. It could not withdraw and be released from liability to plaintiff. It did not waive its policy defense by protecting itself in the suit which was brought against itself exclusively. *Wisconsin Michigan Power Co. v. General Casualty & Surety Co.* 252 Mich. 331, 233 N. W. 333.

Plaintiff relies upon *Hickey v. Wisconsin Mut. Ins. Co.* 238 Wis. 433, 300 N. W. 364, as authority for her contention that the defense of delayed notice was waived by the insurer. The cases are distinguishable. It appears in the *Hickey Case* that a previous action had been brought in Minnesota by Hickey against Ethel Samuels as sole defendant for recovery of damages sustained as the result of the same accident as was involved in the Wisconsin action. Her insuring company, also the defendant in the Wisconsin action, undertook and conducted the defense of the Minnesota action which resulted in judgment against Ethel Samuels.

Prior to the trial of the Minnesota action the insurer had written a letter to its assured in which it stated that it had learned that the policy had been issued upon a misrepresentation made by assured; that it would defend the action, but that it did not waive any defense it might have under the policy or as a result of any misrepresentation. No mention was made in the letter of any claimed policy defense based upon delayed notice of accident, although the insurer was then fully aware that no such notice had been given and four

months had elapsed since the date of the accident. The denial in the letter of liability upon the ground that there had been a misrepresentation in the application for the policy and the failure of the insurer, with full knowledge of the facts, to disclaim liability for omission to comply with the policy conditions as to notice constituted a waiver of the latter defense. 6 Blashfield, Cyc. Automobile Law and Practice (perm. ed.), p. 352, sec. 3734. Having so waived the defense of delayed notice, the surrendered right was beyond the power of the insurer to reclaim. *Somers v. Germania Nat. Bank,* 152 Wis. 210, 138 N. W. 713; 56 Am. Jur., Waiver, p. 126, sec. 24. The effect of the waiver continued down to and through the trial of the Wisconsin action.

As we have pointed out, there was in the instant case no waiver of the defense.

The agreement made in the *Hickey Case* just before trial of the Wisconsin action by which the assured authorized the insurer to defend and agreed that such authorization should not be construed as a waiver of any violation or breach of any of the terms of the policy did not restore to the insurer the defense it had waived, nor can we read out of its terms any implication that it was intended that it should so operate.

Our conclusion with respect to the contentions discussed renders it unnecessary for us to consider the other points maintained by defendant.

*By the Court.*—Judgment reversed with directions to dismiss the complaint.

CURRIE, J. (*concurring*). It would seem to be axiomatic that the insured (the mother of the plaintiff) is not bound by the determination made in this action, of nonliability of the defendant Insurance Company on the issue of the policy defense of lack of timely notice, because she is not a party to the action.

Under the provisions of sec. 260.19, Stats., either the plaintiff or the defendant could have had the insured made a party defendant when the issue of the policy defense was raised in the answer, or the trial court could have done so on its own motion. Such not having been done, if the plaintiff shall hereafter commence an action against the insured to recover for plaintiff's injuries, the insured thereupon tenders the defense to the Insurance Company, the company either refuses to defend or defends reserving its rights to thereafter assert its policy defense, the plaintiff recovers judgment against the insured, and the insured pays the judgment and thereupon brings suit against the company to recover the amount so paid, the determination herein made of nonliability on the policy would not be *res adjudicata* on such issue.

In the present instance a future suit by the insured against the defendant Insurance Company is highly unlikely because nonliability has been determined as a matter of law by the court, but if such nonliability has been determined by verdict of a jury as an issue of fact, such a future action upon the policy would not be at all improbable.

The substance of this concurring opinion has not been included in the majority opinion because of any disagreement by the other members of the court with the conclusion herein stated, but because the same is unnecessary in deciding the issues presented and therefore it has been thought preferable that the question of whether the determination made of nonliability or the policy being *res adjudicata* as to the insured should not be passed on by the court until this issue is subsequently squarely presented in a proper case where the determination of same is necessary to the disposition of the action, thus permitting the court to then exercise its independent judgment unfettered by anything which might be said herein on the issue by way of dicta.

However, I am fearful, that without the explanation herein set forth, the effect of the opinion of the court in this case is likely to be misinterpreted.

I am authorized to state that Mr. Justice BROWN joins me in this concurring opinion.