Vlasis and another, Plaintiffs and Appellants, vs. Cheese Makers Mutual Casualty Company, Defendant and Respondent: Boynton Cab Company, Defendant and Appellant.

*December 6, 1954—January 11, 1955.*

For the appellants there were briefs by *Kondos & Kondos, Peter J. Kondos, Michael J. Kondos, Mark M. Camp,* and *Arlo A. McKinnon,* all of Milwaukee, for Mary Vlasis and George Vlasis, and by *Moore & Prentice* of Milwaukee, for the Boynton Cab Company, and oral argument by *Mr. Peter J. Kondos, Mr. McKinnon,* and *Mr. Raymond J. Moore.*

For the respondent there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Herbert L. Wible* of counsel, all of Milwaukee, and oral argument by *Mr. Wible.*

BROADFOOT, J. The complaint alleged acts of negligence on the part of Colburn that resulted in the injuries to Mrs. Vlasis. By its answer the Insurance Company denied the negligence of Colburn and then pleaded a policy defense as follows:

"5. Further answering said paragraph eight (8), this defendant alleges that by the aforesaid policy of insurance and the acceptance thereof by the said Vern R. Colburn, it was provided that compliance with the following provision was and is a condition of liability:

" '(1) Notice of Accident—Upon the occurrence of an accident, written notice shall be given by or on behalf of the assured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information representing the time, place, and circumstances of the accident and the names and addresses of the

injured and all available witnesses. Notice given by or on behalf of the insured to any authorized agent of the insurer within this state, with particulars sufficient to identify the insured, shall be deemed to be notice to the insurer;'

"Defendant alleges in this regard that the accident referred to in plaintiffs' complaint occurred on the 12th day of November, 1948, and that no report of said accident, as required by the policy of insurance hereinbefore referred to, was received by this answering defendant until the 8th day of February, 1950; that by reason of the failure of the said Vern R. Colburn to promptly report said accident, this answering defendant has been prejudiced and hampered, and that by virtue of the said breaches of the conditions contained in said contract by the said Vern R. Colburn, said policy of automobile liability insurance became and is void and of no effect."

In support of its motion the Insurance Company also filed two affidavits, one by its secretary, to which was annexed a copy of its policy of automobile liability insurance, and the other by one of its attorneys. The latter affidavit also set out the provisions of the policy relative to notice of accident, and contained this allegation:

"Affiant further deposes and says that, as appears from the verified complaint on file herein, the accident referred to in plaintiffs' complaint occurred on the 12th day of November, 1948, and that the said Vern Raymond Colburn failed to make a report of said accident until the 6th day of February, 1950, which said report was received at the office of the defendant, Cheese Makers Mutual Casualty Company, on the 8th day of February, 1950."

The attorney for the plaintiffs filed a counteraffidavit in which he stated that he had been unable to make contact with Colburn. The affiant denied knowledge or information as to when Colburn made a report to the Insurance Company or whether it was a timely notice, and stated that determination

thereof were questions to be passed upon by a jury. In effect, this was a denial on information and belief.

Sec. 204.34 (3), Stats. 1947, provided:

"No policy of insurance, . . . shall limit the time for the giving of notice of any accident or casualty covered thereby to a period less than that provided in subsection (1) of section 204.29. Failure to give such notice shall not bar liability under such policy of insurance, . . . if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."

In defense of the judgment, the Insurance Company contends that there was nothing before the trial court that denied the date of the giving of the report of the accident or that the company was prejudiced thereby. The plaintiffs denied any knowledge or information as to when the report was made directly to the company or to any of its authorized agents or to any other source, and whether it was a timely notice from the facts and surrounding circumstances and, therefore, stated that those were questions to be determined by a jury. That was a sufficient denial so that summary judgment should not have been granted.

The affidavit of the attorney for the Insurance Company did not state the source of his information, but it is to be presumed that he obtained the same from a file furnished by the company. He did not negative a notice to an agent of the company located within the state but alleged in effect that the only notice received at the company office was on February 8, 1950. In the case of *Putman v. Deinhamer*, 265 Wis. 307, 61 N. W. (2d) 319, an insurance company moved for summary judgment because it was claimed it had canceled its policy prior to the date of an automobile accident. It filed affidavits that showed compliance with the cancellation provision of its policy by the mailing of notice thereof.

Opposed thereto were affidavits by the holder of the insurance policy and his mother, stating that no notice of cancellation was received through the mails. Affidavits were also filed by the postmaster, stating that he did not remember such mail going through the office and by the postman, that he had not delivered a letter from the Insurance Company to Deinhamer. The policy only required that proof of mailing the proper notice be established. In that case it was held that where proof of the fact of mailing was based upon the affidavit of an employee of the company who claimed to have mailed the notice, the right of cross-examination is a valuable right and that a jury should be permitted to pass upon the veracity and accuracy of the witness. In the *Putman Case* this court quoted from *Hanson v. Halvorson,* 247 Wis. 434, 437, 19 N. W. (2d) 882, as follows:

"If the pleadings, taking them as they stand, make a case for trial by a jury, a summary judgment will be denied unless it appears from the affidavits that different conclusions of essential ultimate fact cannot reasonably be drawn. Nor will such judgment be granted where is does not appear from the affidavits that no circumstances exist that tend to support an inference of essential ultimate fact contrary to that contended for by the movant, nor where it does not appear that the conclusive effect claimed for the affidavits by the movant cannot be destroyed by cross-examination. Hardly ever can a summary judgment be granted upon affidavits unless the issue raised by the pleadings undeniably depends upon documents set forth by copy in the affidavit of the moving party which are not impeached by an opposing affidavit."

Lapse of time in giving the notice is not prejudicial as a matter of law. The last pronouncement by this court thereon is contained in the case of *Al Shallock, Inc., v. Zurich General Acc. & L. Ins. Co.* 266 Wis. 265, 270, 63 N. W. (2d) 89, where this court said:

394

"This conclusion makes it unnecessary for us to decide the question of whether mere lapse of time in giving the notice required under paragraph 9 of the policy would alone establish prejudice under the provisions of sec. 204.34 (3), Stats., as a matter of law or whether in each case a fact question is raised as to whether there has been no prejudice, the burden of proof to establish which is on the insured."

Summary judgment is a harsh and drastic remedy and should only be granted when it is obvious that there is no issue of fact to be tried. The trial court did not write a memorandum decision or give any reason for granting summary judgment, but from all of the facts and circumstances in this record it is apparent that the affidavits and pleadings established issues of fact for trial by a jury.

*By the Court.*—Judgment reversed, and cause remanded with directions to reinstate the complaint herein against the Cheese Makers Mutual Casualty Company.