Buss, by Guardian *ad litem* and another, Plaintiffs and Respondents, v. Clements, Defendant and Respondent: Northwestern National Insurance Company, Defendant and Appellant.

*November 28, 1962—January 8, 1963.*

408

For the appellant there was a brief by *Gwin & Fetzner* of Hudson, and oral argument by *John W. Fetzner.*

For the respondents there was a brief by *Robert R. Gavic* of Spring Valley for David Buss and others, and by *C. L. Gaylord* of River Falls for James Clements, and oral argument by *Mr. Gaylord.*

Brown, C. J.    The appeal presents two issues:

(1) Whether upon the search of the whole record it shows as a matter of law that James Clements failed to

comply with his obligation to report the accident to the Insurance Company as soon as practicable.

(2) If such failure was found, whether upon the examination of the entire record it shows as a matter of law no issue remains that appellant was prejudiced.

The trial court denied appellant's motion for summary judgment after hearing counsel for both sides and after reading the record, pleadings, and affidavits, for the reason it considered there were substantial issues remaining in the case.

Sec. 204.34 (3), Stats., provides that:

"No policy of insurance, agreement of indemnity, or bond as provided in sub. (1) shall limit the time for the giving of notice of any accident or casualty covered thereby to a period less than that provided in sub. (1) of sec. 204.29. Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity, or bond as provided in sub. (1) if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."

Sec. 204.29 (1), Stats., contains the following provisions relative to the limit of time for service of notice:

"No licensed accident or casualty insurance company in Wisconsin shall limit the time for the service of any notice of injury to less than twenty days, except as provided in sec. 204.31."

The purpose of sec. 204.34 (3), Stats., is to give the insurer a reasonable opportunity to investigate while witnesses are available and memories fresh. See *Underwood Veneer Co. v. London Guarantee & Accident Co.* (1898), 100 Wis. 378, 75 N. W. 996. The failure to give proper notice might affect reasonable settlements by the insurance company and result in collusive claims against it.

The failure of the insured to give proper notice does not bar liability of the insurer unless this failure is prejudicial

or damaging to the insurer. Sec. 204.34 (3), Stats., makes this lack of timely notice by the insured a presumption of prejudice or damage by putting the burden of proof to rebut this presumption upon the persons claiming liability of the insurer. *Calhoun v. Western Casualty & Surety Co.* (1951), 260 Wis. 34, 36, 49 N. W. (2d) 911; *Parrish v. Phillips* (1938), 229 Wis. 439, 445, 282 N. W. 551.

Appellant supported its motion for summary judgment with several affidavits. Affidavits in opposition to this motion were filed by the insured James Clements and by David and Howard Buss. None of them deny that Clements did not send notice or report the accident to his insurer.

We have often stated that summary-judgment procedure is not to be a trial on affidavits. A party opposing summary judgment defeats the motion if he shows by affidavits or other proof that there are substantial issues of fact or reasonable inferences which can be drawn from the evidence. The court does not try the issues but decides on summary judgment whether there is a substantial issue to be tried. *Trczyniewski v. Milwaukee* (1961), 15 Wis. (2d) 236, 238, 112 N. W. (2d) 725.

Respondents propose that the substantial issues to be tried are whether notice was given by the insured to the insurer as soon as practicable, and whether the insurer was prejudiced by the failure to give notice.

After an examination of the affidavits, it is our opinion no substantial issue remains with respect to whether respondent-insured, James Clements, gave notice to appellant as soon as practicable. There is no dispute of fact that Clements knew soon after the accident that it had occurred, that it involved his vehicle and that David Buss was injured, and that Clements made *no* report. A trial on this issue could serve no useful purpose and could only result in judgment of noncompliance with requirement of notice as a matter of law. *Hafemann v. Korinek* (1954), 266 Wis.

450, 63 N. W. (2d) 835. The alleged accident occurred on August 12, 1958. No notice was given appellant until it was served with the summons and complaint on August 3, 1961, virtually three years later.

In support of its motion for summary judgment appellant by one of its attorneys, John W. Fetzner, stated in its affidavit that James Clements reported the incident to Western Casualty & Surety Company, insurer under another form of farm liability policy at Eau Claire, Wisconsin, and that he was contacted by a Mr. O'Reilley of that company. This averment is not disputed by Clements and is further proof that he had knowledge of the accident and could report it. By Clements' affidavit in support of his objections to summary judgment he states that on or about August 12, 1958, when he returned to the machine shed on his farm after working someplace else on his farm, he noticed David Buss was holding his nose, which was bleeding. David answered him saying he had fallen on the corn and struck his nose. "Deponent did not inquire further except that after awhile both Barry Timm and David Buss admitted that a board flew up and struck David Buss on the nose. Further that the back wheel of the truck had struck the board." Appellant's affidavits show Clements' knowledge of the facts of the accident and a failure to report the same to the Insurance Company for about three years, and Clements' own affidavit setting forth particulars with respect to the accident are sufficient for the trial court to hold there is no substantial issue relative to whether notice was given as soon as practicable.

The remaining question is whether upon the examination of the entire record it shows as a matter of law no issue remains that appellant was prejudiced.

Sec. 204.34 (3), Stats., puts the burden on the insured person to prove that the insurer *was not* prejudiced by insured's failure to give the notice required by the policy. For

lack of such proof the failure is deemed to be prejudicial and will bar liability under the policy.

The affidavits in support of the motion for summary judgment and those opposing it demonstrate as a matter of law that the required notice was not given by the insured to the insurer "as soon as practicable." Then comes the question of whether the delay in receiving notice was prejudicial to the insurer. Sec. 204.34 (3), Stats., presumes that it was. When the insurer moved for summary judgment and by affidavit proved the insured's failure to give notice of the accident as soon as practicable a *prima facie* case was made which called for a summary judgment of dismissal *unless* the insured or those united in interest with him by affidavit set forth evidentiary facts which shall show that his denials or defenses are sufficient to defeat the motion by showing that at least there are issues of fact to be tried respecting the question of prejudice to the insurer.

None of the affidavits opposing the Insurance Company's motion are directed to the question of the lack of prejudice caused by the delay. To defeat appellant's motion it was necessary for respondents to set forth evidentiary facts tending to rebut the presumption that the delay was prejudicial and thus entitling them to a trial. Respondents' affidavits fail to carry that burden. The facts which they contain apply only to respondents' contention that the notice was timely, a contention which, as we have said, must be rejected.

Respondents now argue that appellant's affidavit shows that Clements, the insured, had given notice and a report of the accident to another insurance company and, therefore, they reason that by inquiry to that company the appellant might have found out whatever it needed to know and, thereby, was not prejudiced by no notice being sent directly to appellant. The contents of such report or notice and its availability to appellant is entirely speculative. The affi-

davits give no facts concerning it, and the favorable inference which respondents seek to draw from its existence are conclusions only. They do not meet the requirement of being evidentiary facts even *tending* to show that appellant had not been prejudiced. We conclude that since there is no showing in the affidavits of any evidentiary facts applicable to the contention that appellant *had not* been prejudiced, the respondents, who have the burden of proof, have failed to carry that burden. The failure of the insured to give notice, as demanded by the policy, created a bar to liability under the policy which bar remains effective when the person claiming such liability has not shown that the insurer *was not* prejudiced or damaged by such failure. Sec. 204.34 (3), Stats.

By granting appellant's motion for summary judgment we are not holding that the lapse of time was prejudicial as a matter of law. See *Vlasis v. Cheese Makers Mut. Casualty Co.* (1955), 268 Wis. 389, 68 N. W. (2d) 23. The presumptions of prejudice arose because Clements failed to give notice as soon as practicable. This presumption could have been rebutted by respondents, if the facts warranted, if they had set forth sufficient evidentiary facts in their affidavits opposing the motion to raise the fact issue that no prejudice was caused to appellant by the delay.

We conclude, therefore, that the affidavits present no issues of fact for trial, and appellant's motion for summary judgment should have been granted.

*By the Court.*—Order reversed. Cause remanded with directions to enter judgment dismissing the action against Northwestern National Insurance Company.