KOHLS and another, Plaintiffs, v. GLASSMAN, Defendant: GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant and Respondent: UNITED STATES FIDELITY & GUARANTY COMPANY, Impleaded Defendant and Appellant.*

*November 29, 1965—January 4, 1966.*

* Motion for rehearing denied, with costs, on March 1, 1966.

For the appellant there was a brief by *Petersen, Sutherland, Axley & Brynelson,* and oral argument by *Eugene O. Gehl,* all of Madison.

For the respondent there was a brief by *Arno J. Miller* of Portage, attorney, and *Allen F. Root* of Madison of counsel, and oral argument by *Mr. Miller.*

CURRIE, C. J. The provisions of the comprehensive liability policy issued by appellant U. S. F. & G. that are material to this appeal are practically identical to those of the policy issued by United Fire & Casualty Company in the case of *Nelson v. Ohio Casualty Ins. Co.,* ante, p. 315, 139 N. W. (2d) 37, also decided on this assignment. Thus, unless the provisions of the omnibus coverage statute, sec. 204.30 (3), are to be imported into the policy, it extended no coverage to defendant Glassman. Appellant raises the same issue that was raised in the *Nelson Case* with respect to whether such statute is applicable to U. S. F. & G.'s policy under the instant fact situation. That issue has been decided adversely to appellant by the *Nelson Case,* thus rendering it unnecessary to consider it further herein.

Appellant raises the further issue that there was a failure by the insured Helms to comply with the notice requirement of the policy which precludes any recovery on its policy. The remainder of this opinion will be devoted to resolving that issue.

The U. S. F. & G. policy contained these provisions:

"8. NOTICE OF ACCIDENT When an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and cir-

cumstances of the accident, the names and addresses of the injured and of available witnesses.

"9. NOTICE OF CLAIM OR SUIT If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

"...

"11. ACTION AGAINST COMPANY No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy. . . ."

It is unnecessary to consider paragraph 9 pertaining to notice of claim or suit because of the conclusion which we reach with respect to the notice-of-accident requirement contained in paragraph 8.

The accident occurred on March 4, 1960, and the first notice of accident received by U. S. F. & G. was in a letter dated February 5, 1963, from an attorney representing the insured, Helms. This delay of almost three years in notifying the insurance company is not disputed and is, as a matter of law, a clear violation of the requirement in the policy that notice be given "as soon as practicable." [1]

Sec. 204.34, Stats., makes it clear that failure to give the notice of accident within the time prescribed by the policy does not relieve the insurer from liability on the policy unless it was prejudiced by such delay. This statute in part provides:

"(1) No policy of insurance, agreement of indemnity or bond covering liability or loss arising by reason of the

---

[1] *Parrish v. Phillips* (1938), 229 Wis. 439, 444, 282 N. W. 551 (delay of thirty-three days in giving notice held as a matter of law to be not "as soon as practicable") ; *Calhoun v. Western Casualty & Surety Co.* (1951), 260 Wis. 34, 35, 49 N. W. (2d) 911 (delay of eleven months in giving notice held as a matter of law to be not "as soon as practicable") ; *Buss v. Clements* (1963), 18 Wis. (2d) 407, 411, 412, 118 N. W. (2d) 928 (delay of practically three years in giving notice held as a matter of law to be not "as soon as practicable").

ownership, maintenance or use of a motor vehicle issued in this state . . .

"(3) . . . shall limit the time for the giving of notice of any accident or casualty covered thereby to a period less than that provided in subsection (1) of section 204.29. Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity or bond as provided in subsection (1) *if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability.*" (Italics supplied.)

We deem sec. 204.34 (3), Stats., to be *in pari materia* with sec. 204.30 (3). Thus, if sec. 204.30 (3) is held applicable to a particular policy, it necessarily follows that sec. 204.34 (3) is also.

Sec. 204.34 (3), Stats., creates a presumption of prejudice which General Casualty was required to rebut in the instant case.[2] The affidavits filed by appellant in support of its motion for summary judgment set forth the fact that no notice of accident was given appellant until the letter of February 5, 1963, sent by Helms' lawyer to appellant. None of the affidavits filed by General Casualty on the motion for summary judgment dispute these averments with respect to the giving of notice of accident. Nor do these affidavits set forth facts tending to establish that appellant was not prejudiced by the delay in giving notice of accident. The agreed statement of facts which was also before the circuit court at time of deciding the motions is silent on the issue of delay in giving notice of accident and possible resulting prejudice to appellant.

Thus General Casualty did not meet the burden which sec. 204.34 (3), Stats., placed upon it of either establishing that appellant was not prejudiced by this delay or raising an issue of fact with respect to the issue of preju-

---

[2] *Parrish v. Phillips, supra,* footnote 1, at page 445; *Calhoun v. Western Casualty & Surety Co., supra,* footnote 1, at page 36; *Buss v. Clements, supra,* footnote 1, at page 412.

dice which would preclude granting summary judgment in appellant's favor.

General Casualty relies on a finding made by the trial court in its memorandum decision that "No prejudice did actually result." However, a reading of this sentence in context discloses that it has reference to failure to give notice of claim under paragraph 9 of the policy and not failure to give timely notice of the accident under paragraph 8. The memorandum opinion in this connection points out that "it was not reasonably possible to give notice as to this claim, in its particular form, until it was given." Furthermore, the order for judgment is silent on the subject of failure to give timely notice of the accident, and merely states, "that no prejudice resulted to United States Fidelity & Guaranty Company by virtue of the time when notice of claim was given said company . . . ." We conclude that the trial court made no finding on the issue of prejudice which occurred because of the delay on the part of Helms of two years and eleven months in giving appellant notice of the accident.

We consider that *Buss v. Clements* [3] is controlling of the result here. That case embraced an action for injuries sustained in an accident involving a truck insured by defendant insurance company. Defendant insurance company moved for summary judgment on the basis that the insured had not notified it of the accident until virtually three years after the accident, and this three-year delay constituted a failure to comply with the requirement in the policy that he notify the company "as soon as practicable." The trial court denied the motion. This court reversed, finding that the three-year delay violated the policy provisions as a matter of law and that prejudice was presumed. In reaching this result the court stated:

[3] *Supra,* footnote 1.

"We conclude that since there is no showing in the affidavits of any evidentiary facts applicable to the contention that appellant *had not* been prejudiced, the respondents, who have the burden of proof, have failed to carry that burden. The failure of the insured to give notice, as demanded by the policy, created a bar to liability under the policy which bar remains effective when the person claiming such liability has not shown that the insurer *was not* prejudiced or damaged by such failure. Sec. 204.34 (3), Stats." [4]

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the cross complaint of General Casualty Company.