ALLEN, Plaintiff and Respondent, v. ROSS and others, Defendants and Respondents: HARDWARE MUTUAL INSURANCE COMPANY, Defendant and Appellant. [Case No. 181.] *

MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Plaintiff and Respondent, v. ROSS, Defendant: HARDWARE MUTUAL INSURANCE COMPANY, Defendant and Appellant. [Case No. 182.] *

MAYFIELD, Plaintiff and Respondent, v. ROSS, Defendant: HARDWARE MUTUAL INSURANCE COMPANY, Defendant and Appellant. [Case No. 183.] *

*January 30—February 27, 1968.*

* Motion for rehearing denied, without costs, on May 7, 1968.

210

For the appellant there was a brief by *Foley, Capwell & Foley* of Racine, and oral argument by *Rex Capwell.*

For the respondent Edna Allen there was a brief by *Heide, Sheldon, Hartley & Thom* and *W. A. Sheldon,* and oral argument by *S. Michael Wilk,* all of Kenosha.

For the respondents John H. Mayfield and Mutual Casualty Insurance Company there was a brief by *Whaley & Whaley* of Racine, and oral argument by *John V. Whaley.*

HALLOWS, C. J.    On July 27, 1963, Ross obtained a 1956 Ford from Hetland-Cook, a Ford agency in Lake Geneva, on a trial-or-purchase basis. Up to the time of the accident Ross had not paid for or returned the auto. Hardware alleges as one of its defenses that Ross did not give notice of the accident as required by the policy. But this rather limited pleading is based upon the theory that Ross was the insured under the policy for notice purposes. The policy provided:

"4. **Notice** In the event of an accident or loss, written notice . . . shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

"6. **Action Against Company** Parts I and III. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy . . . ."

The record does not disclose when Hardware first learned of the accident. Apparently some days before September 30, 1963, it received a letter from the attorney for the plaintiff relating to the accident and on September 30th, forty-three days after the accident, an adjuster for Hardware met with Ross at his home and had him execute a "Reservation of Rights Agreement." Ross according to his testimony never notified Hardware or Hetland-Cook of the accident. However, the son and daughter of Edna Allen on the day following the accident informed Hetland-Cook of it but there is nothing in the record which shows the agency notified Hardware.

We do not construe the policy to require as the answer implies that only Ross, an insured, can give notice to the insurer. The phrase "by or for the insured" for this purpose cannot be so narrowly read. If Hetland-Cook gave notice, that would be compliance. It may well be if the insurer had notice of the accident from a third party upon which it acted or reasonably should have acted that such requirement of the policy would have been complied with. Normally, only the owner of the car, the person who takes the insurance and pays the premiums, knows who his insurer is. Drivers with permission normally do not know who insures the car they drive and the requirement of an auto liability policy cannot be construed to mean that only he to whom coverage is extended in a given case can give the notice of the accident. Such a construction would be strained and unreasonable and we must reject it.

The requirement of notice "as soon as practicable" is modified by secs. 204.34 (3) and 204.29 (1), Stats.[1] The first section proscribes limiting in a policy the giving of notice of an accident to a period less than that prescribed in the second section which sets the limitation at twenty days. But sec. 204.34 (3) does two more things.

[1] "204.34 **Provisions of auto liability policies.**

". . .

"(3) No policy of insurance, agreement of indemnity or bond as provided in subsection (1) shall limit the time for the giving of notice of any accident or casualty covered thereby to a period less than that provided in subsection (1) of section 204.29. Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity or bond as provided in subsection (1) if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."

"204.29 **Notice of injury; service.** (1) No licensed accident or casualty insurance company in Wisconsin shall limit the time for the service of any notice of injury to less than twenty days, except as provided in section 204.31."

It provides in effect that the failure to give timely notice creates a presumption of prejudice and puts the burden of proof of showing no prejudice or overcoming the presumption upon the person claiming liability. This change modifies the usual rules of pleading and burden of proof in respect to notice of accident involving causes of action under auto liability policies.

Although timely notice or lack of prejudice is a condition precedent to the insurer's liability as provided in its policy, it does not necessarily follow the plaintiff must plead and prove timely notice as a part of its cause of action. Of course, in fire policies and in indemnity policies where the loss is direct to the insured and he is suing his own insurer to recover for his loss, the requirement of pleading and proving timely notice of loss as a condition precedent, when so provided in the policy, is understandable. Such requirement is necessary to prevent fraud or unnecessary hardship upon the insurer. But in third-party suits, where members of the public are suing insurers directly for injuries suffered in automobile accidents, a requirement of pleading and proving the notice was given by the insured would be unrealistic because the fact is unknown to the third party and the giving of such a notice is a condition beyond his control. In many cases the injured person does not know who the other person's insurer is. True, in *Bachhuber v. Boosalis* (1930), 200 Wis. 574, 229 N. W. 117, we held that the giving of a timely notice of accident was, as provided in the policy, a condition precedent and had to be pleaded and proved by the plaintiff. A year later sec. 204.34 (3), Stats., was enacted and the problem of timely notice controlled thereby. We think for this section to apply in respect to the burden of proof, it created that the insurer must plead and prove it did not receive notice as soon as practicable.

This exception to the rule of pleading and practice was pointed out in *Heimlich v. Kees Appliance Co.* (1950),

256 Wis. 356, 41 N. W. 2d 359, and applied to a notice of accident but not to the requirement in the policy involving a notice of claim or suit. The history of sec. 204.34 (3), Stats., and its purpose in automobile liability policies were discussed in *Britz v. American Ins. Co.* (1957), 2 Wis. 2d 192, 86 N. W. 2d 18, and the court held the section did not apply to a theft policy. For the difference in policy requirements relating to a notice of accident and a notice of injury, *see Sheafor v. Standard Accident Ins. Co.* (1918), 166 Wis. 498, 166 N. W. 4.

There is some extraneous language in *Peterson v. Warren* (1966), 31 Wis. 2d 547, 143 N. W. 2d 560, to the effect the Wisconsin law is the same as the Minnesota law in respect to the burden of proof relating to conditions precedent as applied to notice of accident. This language rested upon *Bachhuber* and *Heimlich* which were cited in a footnote. *Peterson v. Warren, supra,* at 564, n. 29. The distinction here made was not noticed. Such language as applied to a notice of accident or casualty covered by a policy, insurance agreement, indemnity or bond as provided in sec. 204.34 (1), Stats., is erroneous and is hereby withdrawn. Such cases as *Al Shallock, Inc., v. Zurich General Accident & Liability Ins. Co.* (1954), 266 Wis. 265, 63 N. W. 2d 89, wherein the policy required immediate forwarding of the notice of claim or suit papers, are distinguishable. In *Shallock* a notice of accident was given, but there was a failure for 23 months to forward a notice of the suit and the court held there was no liability. Likewise, in *American Ins. Co. v. Rural Mut. Casualty Ins. Co.* (1960), 11 Wis. 2d 405, 105 N. W. 2d 798, it was held that a timely notice of a claim or of suit was a condition precedent and breach thereof excused liability although a notice of accident was given.

As stated in *Buss v. Clements* (1963), 18 Wis. 2d 407, 412, 118 N. W. 2d 928, the purpose of timely notice of an automobile accident to an insurer is to afford it the

opportunity to investigate possible claims against it or its insured while the witnesses are available and their memories are fresh. Since secs. 204.34 (3) and 204.29 (1), Stats., put a limit of twenty days upon such contract terms, the standard "as soon as practicable" becomes effective and applies from the insured's viewpoint after the expiration of twenty days. This means it is not a breach of the policy not to give a notice during the twenty days after the accident although the giving of the notice of accident is practicable. In *Kohls v. Glassman* (1966), 29 Wis. 2d 324, 139 N. W. 2d 37, which followed the *Buss Case,* we held the plaintiff did not meet the burden of proof under this section of proving there was no prejudice in the delay of two years and eleven months in giving the notice of accident.

Hardware argues forty-three days is not as a matter of law as soon as practicable basing this argument on the lapse of time. We think that normally mere lapse of time cannot constitute a breach. What is "as soon as practicable" is by nature a factual matter but, of course, the insufficiency of the proof may be a question of law. In *Parrish v. Phillips* (1938), 229 Wis. 439, 282 N. W. 551, the period of thirty-three days was held not to be as soon as practicable as a matter of law, not because of mere lapse of time but because of the insufficiency of the proof. In *Calhoun v. Western Casualty & Surety Co.* (1951), 260 Wis. 34, 49 N. W. 2d 911, also cited by Hardware, the jury found eleven months' delay to be as soon as practicable, but the court reversed because the proof showed the delay was not justified. In *Sanderfoot v. Sherry Motors, Inc.* (1967), 33 Wis. 2d 301, 147 N. W. 2d 255, a delay of over seven months with no reasonable explanation for not notifying the insurer was held not timely. In *Vlasis v. Cheese Makers Mut. Casualty Co.* (1955), 268 Wis. 389, 68 N. W. 2d 23, it was pointed out the delay in giving notice of an accident is not prejudi-

cial as a matter of law under sec. 204.34 (3), Stats., but only presumptively so.

Hardware argues that the plaintiffs did not meet their burden of proof under this section of showing that Hardware was not prejudiced by the untimely notice. The plaintiffs argue the burden was met by the facts in the record as a whole, namely, the witnesses to the accident were at the trial including Ross and no complaints were made of the delay in giving notice. But these arguments hardly reach the issue. Neither Hardware made any attempt to show it was prejudiced which, of course, it was not required to do under the statute, nor did the plaintiffs attempt specifically to meet its burden of proof if the statute applied to them. We point out that it is much easier for the insurer to show how it is prejudiced, if that be the fact, than it is for a claimant to show the insurer is not prejudiced. In one case you need only prove one affirmative fact while in the other you must negate many possibilities. *See Corwin v. Salter* (1927), 194 Wis. 333, 216 N. W. 653. But the statute places this heavy burden upon the one claiming liability.

However, we think that before sec. 204.34 (3), Stats., applies to place the burden upon the plaintiffs to prove the insurer is not prejudiced by an untimely notice that the insurer must first prove the notice was untimely, *i.e.,* not given "as soon as practicable." On the record before us we do not know when Hardware actually received notice or knowledge of the accident. It may have been within the twenty-day period and it may have been thereafter and as soon as practicable. Since Hardware has not proved when it received notice but only that Ross did not give it notice, we do not think sec. 204.34 (3) placed any burden of proof upon the plaintiffs. Hardware did not call forth the application of the section and the trial court was not in error in refusing to direct a verdict.

The last contention of Hardware concerns the failure of the court to submit a question on permissive use of the auto by Ross. It is argued Ross's permission to use the car did not extend to the date of the accident and therefore there was no coverage under its policy. Hardware argues it was foreclosed from raising this issue because it had returned its SR–21 with an affidavit of nonpermissive use too late. The SR–21 was returned by mailing on the thirtieth day after the date of the mailing of the SR–21 to Hardware and was received by the insurance commissioner on the thirty-first day after he mailed the form to Hardware. It may be in such a case the doctrine of substantial performance should apply and also in cases where the SR–21 is lost in the mail or delayed. Some such doctrine must have been applied by the trial court because Hardware was permitted to introduce evidence on the question of permissive use. It was not foreclosed in putting in evidence on this defense.

As we read the record, the denial or the refusal to submit a question to the jury relating to permissive use was on the ground the evidence was not sufficient to raise a question as to nonpermissive use for the jury. Hardware does not claim this ground as a basis of error and we need not consider it.

*By the Court.*—Judgment affirmed.