The MEMBERS MUTUAL INSURANCE
COMPANY, Petitioner,

v.

Sam S. CUTAIA, Respondent.

No. B–2511.

Supreme Court of Texas.

Feb. 2, 1972.

Rehearing Denied March 8, 1972.

Sewell, Junell & Riggs, Gordon A. Holloway, Houston, for petitioner.

Law Offices of Horace F. Brown, Harry L. Tindall, Houston, for respondent.

GREENHILL, Justice.

The opinion and judgment of the Court of Civil Appeals in this case are in conflict with the substance of the opinions of this Court in New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945); and Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955). We granted a writ of error to consider whether to overrule *Hamblen* and *Klein,* and have determined not to do so. While an injustice has apparently resulted in this particular case, the matter of rewriting the insurance provisions in question is properly within the prerogative of the State Board of Insurance or the Legislature. Accordingly, the judgments of the courts below must be reversed.

As stated in the opinion of the Court of Civil Appeals in this case, 460 S.W.2d 493, Smith was insured by Members Mutual Insurance Company. The policy of insurance expressly provided certain conditions. Among the conditions were those which required Smith to give notice of any accident and to forward any suit papers immediately to the company. Only the condition regarding the forwarding of suit papers is involved. The policy further provided that "no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy. . . ." There is no provision in the policy that failure to comply with the conditions precedent would be excused if no harm or prejudice were suffered by the insurer; and such a provision would have to be inserted into the policy by implication.

Smith had an automobile accident with Mr. Cutaia, also insured by Members Mutual. The insurance company had actual knowledge of the accident within two days. Later in the same month Cutaia sued Smith, and Smith was promptly served with citation. Smith never did forward the citation to his insurance company. An investigation was begun by an independent claims agency. When the agency learned

that Smith had not complied with the condition as to forwarding the suit papers, it ceased its work. Some five months after the accident, the insurance company obtained from Smith a written statement, a non-waiver agreement, that nothing theretofore, or thereafter, done about the matter would constitute a waiver of the company's rights under the policy. The investigation was completed.

The insurance company then furnished Smith the defense of the suit. Judgment was against Smith, but the insurance company refused to pay Cutaia because of the breach of the condition precedent by Smith as to the forwarding of the suit papers.

Cutaia then brought this suit against Members Mutual to recover on the policy of Smith. The insurance company relied upon the breach of the condition precedent and the holdings of this court in *Hamblen* and *Klein* that harm or prejudice to the insurer from the failure to comply with the conditions was immaterial. The facts of the case were stipulated, and the insurance company stipulated that it had not been harmed by the failure to forward the suit papers.

Trial was to the court without a jury resulting in a judgment for Cutaia. The Court of Civil Appeals affirmed.

There can be no doubt that this Court in *Hamblen* and *Klein* held that the notice and forwarding of suit papers were conditions precedent to liability. In *Hamblen,* the jury found that the insurer suffered no harm and was not prevented from making any defense of the suit. This Court held, in effect, that when the condition precedent to liability was breached, liability on the claim was discharged, and harm (or lack of it) resulting from the breach was immaterial. The holding is repeated in *Klein.* Speaking through Chief Justice Hickman, this Court said:

"It is unquestioned that the provisions of the policy quoted above and relied upon by respondent [the insurance company] as defenses to this cause of action are conditions precedent to the right of Gunter [the insured person] to recover. If he did not meet those conditions, he would not have been heard to assert that respondent [the insurance company] was not injured by his failure to do so, or that he should be entitled to recover on equitable grounds. His right to recover at all would have been determined solely by the terms of his policy, and petitioners' [the claimants'] right must be measured by the same standard." 275 S.W. 2d at 96.

There are two opinions by the courts of civil appeals which indicate that harm is material, and that in the absence of harm, recovery may be had. Olgin v. Employers Mutual Casualty Co., Tex.Civ.App., 228 S. W.2d 552 (1950, writ ref., n. r. e.); and Century Lloyds v. Barnett, Tex.Civ.App., 259 S.W.2d 768 (1953, writ refused). Both of these cases were decided before *Klein,* and *Barnett* was cited in a dissent in *Klein.*

There may be a question as to soundness of the holding in *Klein* that the failure to give notice for 32 days was, as a matter of law, a failure to give notice as soon as practicable. But the holding of *Klein* that the policy provision in question was a condition precedent to liability was in line with the great weight of authority at that time, and this view is still the majority view. The opinion of the Court of Civil Appeals in this case so stated. Others agree. 2 Long, Law of Liability Insurance (1971) 13–45; Comment, 23 Baylor L. Rev. 419 at 427 (1971). And, after all, this is what the contract says.

This Court again stated in Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233 (1956) that as a general rule, the failure of the insured to comply with the conditions of the policy requiring notice of accident and notice of claim of suit will relieve the company of liability to an injured third party. *Womack* held that there had been a waiver by the company in that case. There is no waiver here. The company here proceeded under a plainly-worded

non-waiver agreement, and the validity or efficacy of the non-waiver agreement is not questioned here.

We are, therefore, faced with plain wording of the contract and the holdings of this Court; and we are also faced with facts which show an apparent injustice. The problem then arises as to whether, or what, changes should be made, and by whom. Should this Court overrule its former decisions and say that provisions in the policy are *not* conditions precedent to liability? Or should we imply into the policy a provision that failure to comply with the condition precedent will be excused if no harm or prejudice is shown? Or should we enforce the provisions as written and call the matter to the attention of those who, for the public, are charged with prescribing policy forms as well as with the approval or disapproval of the provisions of the policy?

The question is discussed by Robert Keeton in his recent book, Insurance Law, Basic Text (1971), § 7.1(b). He writes at page 441:

"A requirement of prejudice as a prerequisite to an insurer's taking advantage of rights based on violation or nonfulfillment of a policy provision concerning claims processing is ordinarily not expressed in the policy itself. *Unless it can be said to be implied in fact, which seems a highly dubious theory in most instances, its recognition, in some contexts at least, by a majority of courts is a form of judicial regulation giving rise to rights at variance with policy provisions.* This occurs, for example, when the decision on a liability insurer's defense of breach of the assistance and co-operation clause is conditioned on prejudice to the insurer. When the burden is placed on the insurer to prove prejudice, the practical impact of the regulatory doctrine is very substantial. When the burden is placed on the policyholder to prove that the insurer was not prejudiced, the impact of the doctrine is less severe but still significant.

"Another common example of such judicial regulation occurs when a court that purportedly enforces a rigid time limit for presenting a claim introduces a great degree of flexibility into the standard for enforcement by holding that a transgression of the limit defeats the claim only if prejudicial to the insurer.

"There are wide variations in the standards used in different cases to determine what constitutes prejudice to an insurer." (emphasis added)

The matter of whether prejudice is material and under what circumstances the failure to comply with conditions precedent will be excused has been handled by legislation in some states, presumably after public hearings so that all sides may be heard. In some states, a rebuttable statutory presumption arises that any delay has been prejudicial to the insurer. 13 Couch on Insurance (2d) 715, § 49.126. The statutes of Wisconsin provide that failure to give timely notice does not preclude liability if the insurer was not injured or prejudiced by delay, and the burden of proof to show lack of prejudice is upon the person claiming under the policy. 25 Wis.Stat. Ann., Section 204.34(3); 2 Long, Law of Liability Insurance, 13-53, § 13.20; Calhoun v. Western Casualty & Surety Co., 260 Wis. 34, 49 N.W.2d 911 (1951); Allen v. Ross, 38 Wis.2d 209, 156 N.W.2d 434 (1968).

A Maryland statute places the burden of proof of harm or prejudice upon the insurance company. The statute reads,

"Where any insurer seeks to disclaim coverage on any policy of liability insurance issued by it, on the ground that the insured or anyone claiming the benefits of the policy through the insured has breached the policy by failing to cooperate with the insurer or by not giving requisite notice to the insurer, such disclaimer shall be effective only if the insurer establishes, by a preponderance of affirmative evidence that such lack of cooperation or notice has resulted in actual prejudice to the insurer." Md.

Stat.Ann., Insurance Code, Art. 48A, § 482.

We recognize the apparent injustice which results in this particular case, and we share some of the impatience which naturally arises when a reasonable provision or condition in an insurance policy is used by the insurance company to defeat what appears to be a valid claim. Such action might be calculated to result in an over reaction by the courts.

Our conclusion is, however, that on balance it is better policy for the contracts of insurance to be changed by the public body charged with their supervision, the State Board of Insurance, or by the Legislature, rather than for this Court to insert a provision that violations of conditions precedent will be excused if no harm results from their violation.

The judgments of the courts below are reversed, and judgment is here rendered that the plaintiff take nothing.

REAVLEY, Justice (dissenting).

I agree with the opinion of the court of civil appeals.