IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2007

Charles R. Fulbruge III
Clerk

No. 06-51683

XL SPECIALTY INSURANCE COMPANY,

Plaintiff–Appellee,

v.

FINANCIAL INDUSTRIES CORPORATION,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:06-CV-356

Before DAVIS, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

This diversity case raises an important and determinative question of Texas law: whether an insurer must show prejudice to deny payment on a claims-made policy, when the denial is based upon the insured's breach of the policy's prompt-notice provision, but the notice is nevertheless given within the policy's coverage period. Because this question is not answered by any controlling Texas Supreme Court precedent, we certify it to the Supreme Court of Texas.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this order should not be published.

No. 06-51683

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO ARTICLE 5, SECTION 3-C OF THE TEXAS CONSTITUTION AND RULE 58 OF THE TEXAS RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

I

The style of the case in which certification is made is XL Specialty Insurance Company v. Financial Industries Corporation, No. 06-51683, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Texas, Austin Division. Federal jurisdiction is based on diversity of citizenship.

II

XL Specialty Insurance Company (XL) issued a claims-made, management liability policy to Financial Industries Corporation (FIC) for the policy period of March 12, 2005 to March 12, 2006. The policy requires FIC to notify XL of any claim "as soon as practicable after it is first made" "[a]s a condition precedent" to payment. On June 5, 2005, two plaintiffs filed suit against FIC in Texas state court for breach of contract and fraud. FIC notified XL seven months after the suit was filed, but nonetheless within the policy's coverage period. XL and FIC stipulate that this notification breached the policy's prompt-notice provision but did not prejudice XL. XL subsequently sued FIC in federal district court, seeking a declaratory judgment that the policy did not cover FIC for the lawsuit; it also sent a letter to FIC denying coverage. The district court granted XL's summary judgment motion, holding that under Texas law, an insurer need not demonstrate prejudice from late notice to avoid coverage on a claims-made policy. FIC appealed.

III

Two Texas Supreme Court cases—Members Mutual Insurance Co. v. Cutaia[3] and Hernandez v. Gulf Group Lloyds[4]—appear relevant to the question certified. In Cutaia, the Court held that Texas law does not require an insurer to show prejudice before denying coverage based upon the breach of a prompt-notice provision in an automobile policy. It stated that the State Board of Insurance, rather than the Supreme Court, was the appropriate public body to add a prejudice requirement. Subsequent to Cutaia, the State Board of Insurance issued an order requiring insurers to show prejudice before denying payment based upon breach of a prompt-notice provision in bodily injury and property damage cases.[5] Without explicitly overruling Cutaia, the Court later held in Hernandez that an insurer must show prejudice to deny coverage based upon breach of settlement-without-consent provision in an automobile policy.[6] Although Hernandez dealt specifically with the breach of a settlement-without-consent clause, the Supreme Court's reasoning is arguably broad enough to encompass other clauses as well. The Court reasoned that "[i]nsurance policies are contracts, and as such are subject to rules applicable to contracts generally."[7] Those rules direct that a breach must be material—i.e., must cause prejudice—to excuse performance by the non-breaching party.[8]

---

[3] 476 S.W.2d 278 (Tex. 1972).

[4] 875 S.W.2d 691 (Tex. 1994).

[5] See Coastal Ref. & Mktg., Inc. v. U.S. Fid. & Guar. Co., 218 S.W.3d 279, 285 (Tex. App.—Houston [14th Dist.] 2007, pet. filed) (explaining the Board's order).

[6] Hernandez, 875 S.W.2d at 693.

[7] Id. at 692.

[8] Id. at 692-93.

Texas Courts of Appeals currently appear to take different positions on the prejudice requirement. The Fourteenth District has required prejudice for an occurrence policy with a breached prompt-notice provision,[9] and a claims-made policy with a breached consent-to-settle provision.[10] In its Coastal decision from 2007, that court explained in great detail a legal trend moving away from Cutaia's no-prejudice rule towards a prejudice requirement, and characterized as "unsettled" the contexts in which the prejudice requirement applies.[11] The Fifth District has held that prejudice is unnecessary for occurrence[12] and claims-made[13] policies with breached prompt-notice provisions.

The federal Fifth Circuit Court of Appeals has also interpreted Texas law on when insurers must show prejudice: it has concluded that prejudice is required in all occurrence policies, but that insurers need not prove prejudice in claims-made policies.[14] We hesitate to follow this Fifth Circuit precedent in light of four related cases now pending before the Supreme Court of Texas. The Court

---

[9] Lennar Corp. v. Great Am. Ins. Co., 200 S.W.3d 651 (Tex. App.—Houston [14th Dist.] 2006, pet. filed).

[10] Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co., 130 S.W.3d 181 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

[11] Coastal, 218 S.W.3d 279, 285-87 & n.6 (Tex. App.—Houston [14th Dist.] 2007, pet. filed).

[12] PAJ, Inc. v. Hanover Ins. Co., 170 S.W.3d 258 (Tex. App.—Dallas 2005, pet. granted) (No. 05-0849 in the Supreme Court of Texas).

[13] Prodigy Commc'ns Corp. v. Agric. Excess & Surplus Ins. Co., 195 S.W.3d 764 (Tex. App.—Dallas 2006, pet. filed).

[14] See Federal Ins. Co. v. CompUSA, 319 F.3d 746, 755 (5th Cir. 2003) ("[C]ourts traditionally distinguish between two types of insurances policies: 'occurrence' policies and 'claims-made' policies. . . . Courts have not permitted insurance companies to deny coverage on the basis of untimely notice under an 'occurrence' policy unless the company shows actual prejudice from the delay. . . . [A]n insurance company may deny coverage under a 'claims-made' policy without a showing of prejudice."); Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co., 174 F.3d 653, 658-59 (5th Cir. 1999) (same).

has granted a petition for review and heard oral arguments in PAJ, Inc. v. Hanover Insurance Co.[15] PAJ involves an occurrence policy and raises the question "[w]hether an insurer must establish that it was prejudiced by an insured's delay in notice of a claim or suit in order to rely on an untimely notice defense under the advertising injury portion of a commercial general liability insurance policy."[16] The Court also has pending before it petitions for review in Lennar Corp. v. Great American Insurance Co.,[17] Prodigy Communications Corp. v. Agricultural Excess & Surplus Insurance Co.,[18] and Coastal Refining & Marketing, Inc. v. U.S. Fidelity and Guarantee Co.[19] Each petition raises as an issue whether an insurer may deny coverage on a policy without proving prejudice. Lennar and Coastal concern occurrence policies, while Prodigy deals with a claims-made policy. Further, the Texas courts have not appeared to draw a distinction between occurrence and claims-made policies as current Fifth Circuit precedent interpreting Texas law has done.

## IV

We certify the following determinative question of law to the Supreme Court of Texas: Must an insurer show prejudice to deny payment on a claims-made policy, when the denial is based upon the insured's breach of the policy's prompt-notice provision, but the notice is nevertheless given within the policy's coverage period?

---

[15] 170 S.W.3d 258 (Tex. App.—Dallas 2005, pet. granted) (No. 05-0849 in the Supreme Court of Texas).

[16] Petition for Review at ix, PAJ, Inc. v. Hanover Ins. Co., No. 05-0849 (Tex. Oct. 7, 2005).

[17] 200 S.W.3d 651 (Tex. App.—Houston [14th Dist.] 2006, pet. filed).

[18] 195 S.W.3d 764 (Tex. App.—Dallas 2006, pet. filed).

[19] 218 S.W.3d 279 (Tex. App.—Houston [14th Dist.] 2007, pet. filed).

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Texas will determine the issue on appeal in this case. The record of this case, together with copies of the parties' briefs, is transmitted herewith.

\* \* \*

QUESTION CERTIFIED