**FINANCIAL INDUSTRIES
CORPORATION,
Petitioner,**

v.

**XL SPECIALTY INSURANCE
COMPANY, Respondent.**

No. 07–1059.

Supreme Court of Texas.

Argued April 1, 2008.

Decided March 27, 2009.

Frederick B. Wulff, Christopher D. Kratovil and Casey P. Kaplan, K&L Gates, LLP, Dallas, TX, for Appellant.

Benjamin H. Hathaway, Elizabeth Bloch, Daniel R. Smith, Brown McCarroll, L.L.P., Austin, TX, Cathy A. Simon, Marc E. Rindner and Gabriela Richeimer, Ross, Dixon & Bell, LLP, Washington, DC, for Appellee.

Chief Justice JEFFERSON delivered the opinion of the Court.

This case comes before us on a certified question from the United States Court of Appeals for the Fifth Circuit. Pursuant to article V, section 3–c of the Texas Constitution and Texas Rule of Appellate Procedure 58.1, we answer the following question:

> Must an insurer show prejudice to deny payment on a claims-made policy, when the denial is based upon the insured's breach of the policy's prompt-notice provision, but the notice is nevertheless given within the policy's coverage period?

*XL Specialty Ins. Co. v. Fin. Indus. Corp.,* 259 Fed.Appx. 675, 678 (5th Cir.2007), *certified question accepted,* 51 Tex. Sup.Ct. J. 298 (Jan. 14, 2008).

# I

## Background[1]

XL Specialty Insurance Company (XL) issued a claims-made, management liability

---

1. We incorporate the facts as stated by the    Fifth Circuit in its certification to this court.

policy to Financial Industries Corporation (FIC) for the policy period of March 12, 2005 to March 12, 2006. In exchange for a $475,000 premium, XL agreed to pay on behalf of FIC losses resulting from certain claims—including securities claims—"first made" against FIC during the policy period. The policy's notice provision, found in section VI under the heading "GENERAL CONDITIONS," provided: "As a condition precedent to any right to payment under this Policy with respect to any Claim, the Insured shall give written notice to the Insurer of any Claim as soon as practicable after it is first made."

On June 5, 2005, two plaintiffs sued FIC in Texas state court for breach of contract and fraud. FIC notified XL seven months after the suit was filed, but within the policy's coverage period. XL and FIC stipulate that this notification breached the policy's prompt-notice provision but did not prejudice XL. XL subsequently sued FIC in federal district court, seeking a declaratory judgment that the policy did not cover FIC for the lawsuit; XL also sent FIC a letter denying coverage. The district court granted XL's summary judgment motion, holding that under Texas law, an insurer need not demonstrate prejudice from late notice to avoid coverage on a claims-made policy. FIC appealed. 259 Fed.Appx. at 676.

## II

**Must an insurer show prejudice to deny payment on a claims-made policy, when the denial is based upon the insured's breach of the policy's prompt-notice provision, but the notice is nevertheless given within the policy's coverage period?**

■ In *Prodigy Communications Corp. v. Agricultural Excess & Surplus Insur-*

*XL Specialty Ins. Co.,* 259 Fed.Appx. at 676;

*ance Co.,* 288 S.W.3d 374 decided today, we hold that, "[i]n a claims-made policy, when an insured notifies its insurer of a claim within the policy term or other reporting period that the policy specifies, the insured's failure to provide notice 'as soon as practicable' will not defeat coverage in the absence of prejudice to the insurer." 288 S.W.3d 374, 382–83. *Prodigy* involved a claims-made policy with a notice provision requiring that the insured, "as a condition precedent" to its rights under the policy, give notice of a claim to its insurer "as soon as practicable . . . , but in no event later than ninety (90) days after the expiration of the . . . Discovery Period." *Id.* at 377. Prodigy gave notice of its claim before the ninety-day reporting deadline, but the insurer denied the claim alleging that the notice was not given "as soon as practicable." *Id.* at 382–83. The insurer admitted it was not prejudiced by the delayed notice. *Id.* at 375.

Recognizing that, for the insurer, the inherent benefit of a claims-made policy is the insurer's ability "to 'close its books' on a policy at its expiration and thus to attain a level of predictability unattainable under standard occurrence policies," we concluded that Prodigy's alleged failure to give notice "as soon as soon as practicable" was immaterial because it did not interfere with this benefit. *Id.* at 380 (citation omitted).

XL's claims-made policy differs slightly from the *Prodigy* policy in that XL's policy requires only that notice of a claim be given "as soon as practicable" and does not contain a clear-cut reporting deadline. *See id.* at 379 n. 7 (discussing difference between standard "claims-made" and "claims-made-and-reported" policies). However, the same reasons for requiring the insurer to demonstrate prejudice ap-

*see also* TEX R.APP. P. 58.2.

ply: FIC gave notice of the claim within the policy's scope of coverage, i.e., before XL could "close its books" on the policy. Because XL was not denied the benefit of the claims-made nature of its policy, it could not deny coverage based on FIC's immaterial breach of the policy's prompt-notice provision. *See id.* at 377; *see also PAJ, Inc. v. The Hanover Ins. Co.,* 243 S.W.3d 630, 631 (Tex.2008) (holding that "an immaterial breach does not deprive the insurer of the benefit of the bargain and thus cannot relieve the insurer of the contractual coverage obligation"); *Hernandez v. Gulf Group Lloyds,* 875 S.W.2d 691, 693 (Tex.1994) ("In determining the materiality of a breach, courts will consider, among other things, the extent to which the nonbreaching party will be deprived of the benefit that it could have reasonably anticipated from full performance.").

## III

### Conclusion

For the reasons stated above and explained more fully in *Prodigy Communications Corp. v. Agricultural Excess & Surplus Insurance Co.,* 288 S.W.3d 374, we answer the certified question in the affirmative and hold that an insurer must show prejudice to deny payment on a claims-made policy, when the denial is based upon the insured's breach of the policy's prompt-notice provision, but the notice is given within the policy's coverage period.