IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-1059
════════════
 
Financial Industries 
Corporation, Petitioner,
 
V.
 
XL Specialty Insurance 
Company, Respondent
 
════════════════════════════════════════════════════
On Certified Question from the United 
States
Court of Appeals for the Fifth 
Circuit
════════════════════════════════════════════════════
 
Argued April 1, 
2008
 
            
Chief Justice 
Jefferson delivered the 
opinion of the Court.
            
This case comes before us on a certified question from the United States 
Court of Appeals for the Fifth Circuit. Pursuant to article V, section 3-c of 
the Texas Constitution and Texas Rule of Appellate Procedure 58.1, we answer the 
following question:
 
Must an 
insurer show prejudice to deny payment on a claims-made policy, when the denial 
is based upon the insured's breach of the policy's prompt-notice provision, but 
the notice is nevertheless given within the policy's coverage period?
 
XL 
Specialty Ins. Co. v. Fin. Indus. Corp., 259 F. App’x 675, 678 (5th Cir. 
2007), certified question accepted, 51 Tex. Sup. Ct. J. 298 (Jan. 14, 
2008).
I
Background[1]
 
            
XL Specialty Insurance Company (XL) issued a claims-made, management 
liability policy to Financial Industries Corporation (FIC) for the policy period 
of March 12, 2005 to March 12, 2006. In exchange for a $475,000 premium, XL 
agreed to pay on behalf of FIC losses resulting from certain claims—including 
securities claims– “first made” against FIC during the policy period. The 
policy’s notice provision, found in section VI under the heading “GENERAL 
CONDITIONS,” provided: “As a condition precedent to any right to payment under 
this Policy with respect to any Claim, the Insured shall give written notice to 
the Insurer of any Claim as soon as practicable after it is first made.”
            
On June 5, 2005, two plaintiffs sued FIC in Texas state court for 
breach of contract and fraud. FIC notified XL seven months after the suit was 
filed, but within the policy's coverage period. XL and FIC stipulate that this 
notification breached the policy's prompt-notice provision but did not prejudice 
XL. XL subsequently sued FIC in federal district court, seeking a declaratory 
judgment that the policy did not cover FIC for the lawsuit; XL also sent FIC a 
letter denying coverage. The district court granted XL's summary judgment 
motion, holding that under Texas law, an insurer need not demonstrate 
prejudice from late notice to avoid coverage on a claims-made policy. FIC 
appealed. 259 F. App’x at 676.
II
 
Must an 
insurer show prejudice to deny payment on a claims-made policy, when the denial 
is based upon the insured's breach of the policy's prompt-notice provision, but 
the notice is nevertheless given within the policy's coverage period?
 
            
In Prodigy Communications Corp. v. Agricultural Excess & Surplus 
Insurance Co., decided today, we hold that, “[i]n a claims-made policy, when 
an insured notifies its insurer of a claim within the policy term or other 
reporting period that the policy specifies, the insured’s failure to provide 
notice ‘as soon as practicable’ will not defeat coverage in the absence of 
prejudice to the insurer.” ___ S.W.3d ___, ___. Prodigy involved a 
claims-made policy with a notice provision requiring that the insured, “as a 
condition precedent” to its rights under the policy, give notice of a claim to 
its insurer “as soon as practicable . . ., but in no event later than ninety 
(90) days after the expiration of the . . . Discovery Period.” Id. at __. Prodigy 
gave notice of its claim before the ninety-day reporting deadline, but the 
insurer denied the claim alleging that the notice was not given “as soon as 
practicable.” Id. at ___. The insurer admitted it was 
not prejudiced by the delayed notice. Id. at ___.
            
Recognizing that, for the insurer, the inherent benefit of a claims-made 
policy is the insurer’s ability “to ‘close its books’ on a policy at its 
expiration and thus to attain a level of predictability unattainable under 
standard occurrence policies,” we concluded that Prodigy’s alleged failure to 
give notice “as soon as soon as practicable” was immaterial because it did not 
interfere with this benefit. Id. at ___(citation omitted).
            
XL’s claims-made policy differs slightly from the Prodigy policy 
in that XL’s policy requires only that notice of a claim be given “as soon as 
practicable” and does not contain a clear-cut reporting deadline. See 
id. at ___ n.7 (discussing difference between standard “claims-made” and 
“claims-made-and-reported” policies). However, the same reasons for requiring 
the insurer to demonstrate prejudice apply: FIC gave notice of the claim within 
the policy’s scope of coverage, i.e., before XL could “close its books” on the 
policy. Because XL was not denied the benefit of the claims-made nature of its 
policy, it could not deny coverage based on FIC’s immaterial breach of the 
policy’s prompt-notice provision. See id. at ___; see also PAJ, Inc. 
v. The Hanover Ins. Co., 243 S.W.3d 630, 631 (Tex. 2008) (holding that “an 
immaterial breach does not deprive the insurer of the benefit of the bargain and 
thus cannot relieve the insurer of the contractual coverage obligation”); 
Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691, 693 (Tex. 1994) (“In 
determining the materiality of a breach, courts will consider, among other 
things, the extent to which the nonbreaching party will be deprived of the 
benefit that it could have reasonably anticipated from full performance.”).
III
Conclusion
 
            
For the reasons stated above and explained more fully in Prodigy 
Communications Corp. v. Agricultural Excess & Surplus Insurance Co., ___ 
S.W.3d ____, we answer the certified question in the affirmative and hold 
that an insurer must show prejudice to deny payment on a claims-made policy, 
when the denial is based upon the insured's breach of the policy's prompt-notice 
provision, but the notice is given within the policy's coverage period.
 
            
__________________________
            
Wallace B. Jefferson
            
Chief Justice
 
OPINION 
DELIVERED:     March 27, 2009
            


 





[1] 
We incorporate the facts as stated by the Fifth Circuit in its certification to 
this court. XL Specialty Ins. Co., 259 F. App’x at 676; see also 
Tex. R. App. P. 
58.2.