**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
June 1, 2009

No. 06-51683

XL SPECIALTY INSURANCE COMPANY,

Plaintiff–Appellee,

v.

FINANCIAL INDUSTRIES CORPORATION,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-356

Before DAVIS, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

This case involves a dispute between XL Specialty Insurance Company (XL) and its insured, Financial Industries Corporation (FIC). XL issued a claims-made management liability policy to FIC that required as a condition precedent to payment that FIC notify XL of any claim "as soon as practicable after it is first made." During the coverage period, two parties filed suit against FIC in Texas state court for breach of contract and fraud. FIC notified XL seven months after the suit was filed but within the policy's coverage period. Both

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties stipulate that the notification breached the policy's prompt-notice provision but that this breach did not prejudice XL.

XL sought a declaratory judgment in federal district court that the policy did not cover FIC's claims. The district court granted summary judgment, holding that, under Texas law, an insurer was not required to demonstrate prejudice from late notice to avoid coverage on a claims-made policy. FIC appealed and we certified the following determinative question to the Supreme Court of Texas: Must an insurer show prejudice to deny payment on a claims-made policy, when the denial is based upon the insured's breach of the policy's prompt-notice provision, but the notice is nevertheless given within the policy's coverage period? *See XL Specialty Ins. Co. v. Fin. Indus. Corp.*, 259 F. App'x 675, 678 (5th Cir. 2007).

The Supreme Court of Texas has since answered that question in the affirmative. *See Fin. Indus. Corp. v. XL Specialty Ins. Co.*, No. 07-1059, 2009 Tex. LEXIS 109, at *5 (Tex. Mar. 27, 2009). The court recognized that the "inherent benefit of a claims-made policy is the insurer's ability to close its books on a policy at its expiration and thus to attain a level of predictability unattainable under standard occurrence policies." *Id.* at *4 (citation and quotation marks omitted). Because FIC's late notice was still within the policy coverage period, the court concluded that XL "was not denied the benefit of the claims-made nature of its policy" and therefore "could not deny coverage based on FIC's immaterial breach of the policy's prompt-notice provision." *Id.* Because, under Texas law, XL was required to show prejudice resulting from FIC's late notice and it is undisputed that no such prejudice exists, XL is not entitled to summary judgement.

Accordingly, we VACATE the district court's grant of summary judgment to XL and REMAND for further proceedings consistent with this court's opinion.