**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-10941

GEORGE ROLAND

Plaintiff - Appellant

v.

TRANSAMERICA LIFE INSURANCE COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-699

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This appeal arises from an insurance coverage dispute between George Roland and Transamerica Life Insurance Company. The district court granted summary judgment in favor of Transamerica. We AFFIRM.

In October 1992, Roland and his wife purchased a long-term insurance policy from a predecessor of Transamerica. This policy provides a number of potential long-term benefits for Roland. The one contested in this suit is the "Alternate Plan of Care Benefit." It provides optional coverage for care received

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at home instead of at a long-term care facility. It is a benefit, though, that the policy said Transamerica would consider after the insured has been in a long-term care facility. Consideration of the alternative may be initiated by either party. A care plan that is consistent with "generally accepted medical practices" would have to be developed by health care professionals. That plan would then have to be accepted by the insured, the person's physician, and Transamerica.

In December 2006, Roland submitted a claim to Transamerica under the Alternate Plan of Care Benefit. No agreement on such a plan has ever been made by the parties. Transamerica refused to pay Roland benefits under that provision. As a result, Roland filed suit against Transamerica in November 2007, claiming that the Alternate Plan of Care Benefit was in effect.

The district court found no disputes of material fact and no legal basis to support that these benefits were available. We give *de novo* review to a district court's grant of summary judgment. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 753 (5th Cir. 2009). Summary judgment is only appropriate if there is no issue of material fact, and all reasonable inferences are drawn in favor of the nonmovant. *Id.* Texas law indisputably applies to this diversity action.

Roland's primary arguments are that the policy's language was ambiguous, that agreement by Transamerica to an Alternate Plan of Care should not be considered a prerequisite for coverage, and regardless, that Roland and Transamerica had agreed that Roland was owed these benefits.

As to ambiguity, we examine the Alternate Plan of Care Benefit language in Roland's policy. It required mutual agreement among Roland, Transamerica, and a physician regarding an alternate plan in order for Roland to receive benefits. In summary, the policy provided an option. Its implementation required mutual agreement on a plan. There is no ambiguity in that.

Roland next argues that requiring agreement was illegal. He alleges that a recent Texas Supreme Court decision supports that Transamerica may not

require mutual agreement to a plan before beginning to pay alternate benefits. The opinion Roland relies upon stated that conditions precedent are not favored under Texas law; when a reasonable reading of the policy would avoid forfeiture of coverage, language must be construed as a covenant rather than a condition precedent. *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636 (Tex. 2008). However, the court subsequently made clear that even though conditions precedent and covenants were distinguished in *PAJ*, its holding "did not rest" on such distinctions. *See, e.g.*, *Prodigy Commc'ns Corp. v. Agric. Excess & Surplus Ins. Co.*, No. 06-0598, 2009 WL 795530, at \*3 (Tex. Mar. 27, 2009).

The central concern in *PAJ* and subsequent Texas Supreme Court decisions is determining when an insurance company may deny coverage, without a showing of prejudice, when the provisions for giving notice of a claim have not been satisfied by the insured. These cases involved so-called "claims-made" and "occurrence" policies and varying requirements for notice. *See Fin. Indus. Corp. v. XL Specialty Ins. Co.*, No. 07-1059, 2009 WL 795529 (Tex. Mar. 27, 2009); *Prodigy Commc'ns Corp.*, 2009 WL 795530; *PAJ, Inc.*, 243 S.W.3d 630.

The intricacies of "occurrence" and "claims-made" policies fortunately are not before us today. Neither are we considering a forfeiture of coverage. Instead, we interpret a policy that will pay out benefits potentially over a long period. A contractual alternative exists to the usual manner in which benefits will be provided. It requires all to agree before that option may be utilized. That has not been made suspect by the recent Texas Supreme Court opinions.

Roland further argues that he, Transamerica, and a physician actually agreed on an alternate plan of care. Roland bases this argument on the fact that he submitted a plan to Transamerica, and Transamerica countered with a proposed plan of its own. But that was it. A proposal and a counter-proposal do not a meeting of the minds make.

Roland also maintains that Transamerica breached its general duty of good faith and fair dealing. Such obligations certainly exist, but Roland's basis for arguing a breach is only that it was bad faith as a matter of law for Transamerica to insist on agreement. That is not so. Transamerica had a legally enforceable right to insist on an agreement on the details of an alternate plan. The right can be exercised in bad faith, but that has not been argued.

Roland also claims that Transamerica violated a number of Texas Insurance Code provisions by issuing Roland's policy on a form that had not been approved by the Texas Department of Insurance. Even if that is true, the Code requires damage to the insured in order to hold an insurer liable for using a form that has not been approved. Tex. Ins. Code Ann. § 1701.101 (Vernon 2009). Transamerica analyzed Roland's claim under both the form issued to Roland and the replacement form that was eventually approved by the Texas Department of Insurance. The differences between the forms were minor. We find Transamerica's decision to be reasonable that it would not be liable to Roland for alternate benefits under either form. Therefore, Roland has not demonstrated that he suffered any damages relating to the use of an unapproved form.

Finally, Roland argues that, in the process of selling the policy to Roland, Transamerica's agent engaged in negligent misrepresentation or fraud. As did the district court, we find that Transamerica's agent did not make any false statements to Roland. Any confusion or misunderstanding regarding the terms of the policy may have resulted from Roland's own inferences, but regardless, there is no evidence that Transamerica's agent breached an obligation.

Roland has filed a motion to have us certify certain questions to the Texas Supreme Court on the issue of conditions precedent. We find no relevant unsettled issues of state law to justify certification, and that motion is DENIED.

The district court's judgment is AFFIRMED.