COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| OCEANUS INSURANCE COMPANY, | § | No. 08-11-00111-CV |
| Appellant, | § | Appeal from the |
| v. | § | 271st District Court |
| JEFF WHITE AND BRANDY WHITE, AS PARENTS AND NEXT FRIENDS OF H.W., A MINOR, | § § | of Wise County, Texas |
| Appellees. | § | (TC# CV10-05-386) |

# **O P I N I O N**

Appellant, Oceanus Insurance Company (Oceanus), appeals the trial court's final order in a declaratory judgment action arising from medical malpractice claims brought in 2008 against Dr. Shawn White (Dr. White) and the Wise County Medical and Surgical Clinic (the clinic) by Appellees, Jeff and Brandy White (the Whites). We reverse and render judgment in favor of Oceanus.[1]

## **BACKGROUND**

In consideration of the Whites' settlement of medical malpractice claims, the parties agreed to pursue a declaratory judgment action and sought the trial court's resolution of two issues: (1) whether separate coverage exists under Oceanus' policy to potentially cover the Whites' direct claims against Dr. White in the underlying medical malpractice lawsuit in addition to the coverage for claims against the clinic; and (2) if such separate coverage exists, whether the Oceanus policy

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

was triggered thereby obligating Oceanus to defend Dr. White and provide coverage in the underlying medical malpractice lawsuit.

In the trial court, the Whites contended that the Oceanus policy covered their direct claims against Dr. White in addition to their claims against the clinic, and that their claims against Dr. White had triggered such coverage. Oceanus responded that because the Whites had first made their claims against Dr. White in 2005, during the period when Dr. White's professional liability coverage was provided by Joint Underwriting Association (JUA), the Whites could not also recover under the provisions of the Oceanus policy which specify that Oceanus will not provide defense or indemnity for any medical claim that has been reported to the named insured's previous insurance company.[2] Oceanus further noted that the Whites did not file their claims against the clinic until 2008, during the effective term of the Oceanus policy and after filing their claims against Dr. White in 2005. For these reasons, Oceanus contended, the Whites could not "stack" the JUA and Oceanus policies regarding their claims against Dr. White.

In its final order, the trial court found that the Oceanus policy provided a separate per claim shared limit for Dr. White and that the policy was "triggered for purposes of providing coverage for Dr. Shawn White."

### DISCUSSION

*Right to Appeal*

We initially address the Whites' contention that Oceanus has waived its right to appeal the trial court's declaratory action because Oceanus failed to include within the parties' settlement agreement a provision that permits appeal of the trial court's declaratory-judgment ruling. The

---

[2] Because the Whites do not contradict the asserted facts that they first made their claims against Dr. White under the JUA policy prior to their claim under the subsequent Oceanus policy, and that JUA defended and settled their claims against Dr. White, we accept them as true. TEX. R. APP. P. 38.1(g).

Whites premise their argument upon the fact that Oceanus drafted the provisions and argue that had Oceanus intended to retain a right to appeal the trial court's decision, it would have expressly included the retention of that right within the declaratory-judgment provisions. We disagree with the Whites' contentions.

A waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (citations omitted). No right is waived if the party alleged to have made such waiver "says or does nothing inconsistent with an intent to rely upon such right." *Id*. Thus, intent to impliedly waive a right must be clearly demonstrated by surrounding circumstances and facts. *Id.* at 156-57.

The declaratory-action provisions of the settlement agreement refer to the "final resolution" as well as the "final outcome" of the declaratory-judgment action.[3] However, these terms do not expressly waive either party's right to appeal. Nor do the terms "final resolution" and "final outcome," when construed in light of the agreement to pursue a declaratory judgment and the existing facts and circumstances, constitute an implied waiver of appellate rights. *See id.* at 156. Because Oceanus did not waive its right to appeal, we are not barred from addressing the issues presented for our consideration.

*Issues*

Oceanus presents two issues on appeal. In Issue One, Oceanus complains that the trial court's declaratory judgment is erroneous because its policy unambiguously precludes coverage for claims reported to a previous insurer. In Issue Two, Oceanus asserts that the trial court

---

[3] The relevant phrases are, "upon final resolution of the declaratory judgment action, Oceanus agrees to pay . . . ," "The parties will await the final outcome of a declaratory judgment action to determine whether . . . ," "upon final resolution of the declaratory judgment action described . . . ."

committed error in declaring that coverage under the Oceanus policy was triggered because no one reported to Oceanus in 2008 any claims against Dr. White in his individual capacity as required under the terms of its policy.

*Standard of Review*

Our review of an unambiguous contract is *de novo*. *Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 252 (Tex. 2009). When contract language can be given a certain or definite meaning, it is not ambiguous and will be construed as a matter of law. *Id.*

When interpreting an insurance policy, we utilize well-established principles which include construing the policy according to general rules of contract construction to ascertain the parties' intent. *Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010) (citations omitted). In conducting our review, we presume the parties intend what the words of their contract say, examine the entire agreement, "seek to harmonize and give effect to all provisions so that none will be meaningless," attribute the ordinary and generally-accepted meaning to terms unless the policy shows the words are meant in a technical or different sense, and attempt to honor the agreement "and not remake their contract by reading additional provisions into it." *Id.*; *Nat'l Union Fire Ins. Co. v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008) ("Most importantly, we must give the policy's words their plain meaning, without inserting additional provisions into the contract."). Even if parties interpret a policy differently, an insurance contract having a clear and definite meaning is not ambiguous as a matter of law. *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.,* 323 S.W.3d 151, 154 (Tex. 2010) (citations omitted).

*Relevant Policy Provisions*

4

The cover page of the comprehensive physician's policy issued by Oceanus expressly states, "The coverage of this policy is limited for only those claims that are first made against the insured and reported to the Company while the policy is in force." On the following page, the policy provides:

> The Company will not provide defense or indemnity for any medical incident, claim or potentially compensable event which has been reported to or should have been reported to the Named Insured's previous insurance company. This includes medical incidents the Named Insured should have reasonably foreseen or should have known may result in a potentially compensable event.

The policy outlines the duties of the named insured in the event of a claim and specifies that if a written demand for money or suit involving the named insured or any other protected person under the policy, the named insured must comply with its duties or Oceanus has no duty or obligation to defend or indemnify the named insured. One of the duties set forth requires the insured to tell Oceanus what happened, as soon as possible, even though no claim has been made. A named insured or any person covered under the policy that is aware of a potentially compensable event is also required to notify Oceanus in writing and provide relevant information as set forth in the policy.

*Analysis*

Oceanus first complains that the trial court erred because the unambiguous terms of the Oceanus policy preclude the Whites from making a subsequent claim against Dr. White after the Whites' first claim was reported to the previous insurer, JUA. We agree.

The unambiguous language of the policy clearly sets forth that the policy covers only those claims that are first made against the insured and reported to Oceanus while the policy is in force and that Oceanus will not provide defense or indemnity for any medical incident, claim or

5

potentially compensable event which has been reported to the named insured's previous insurance company, including medical incidents the named insured should have reasonably foreseen or should have known may result in a potentially compensable event.

The evidence before the trial court shows that, previously, the clinic had been insured by JUA, that Brandy White made a verbal demand of Dr. White in 2005 while the JUA policy was in effect, and that the Whites' "possible claim" against Dr. White was reported to JUA in May 2005. Dr. White received from the Whites' attorneys a written notice regarding the claim in 2008. The notice of the Whites' claim against Dr. White was then forwarded to JUA along with a copy of the correspondence that had been submitted to JUA in 2005 regarding Brandy White's demand. Later in 2008, when the clinic was no longer insured by JUA, the Whites' attorneys sent a notice letter to the clinic asserting a potential claim against it. The Whites' claim against the clinic was reported to Oceanus. JUA provided Dr. White counsel and accepted defense of the Whites' medical malpractice litigation claim. Assuming that the Oceanus policy provided coverage to Dr. White as an insured physician, it is clear that the provisions of the policy bar the Whites from pursuing a claim against Dr. White individually under the Oceanus policy after their 2005 claim against Dr. White had been reported to, defended, and settled by JUA. Issue One is sustained.

In its second issue, Oceanus contends that because the Whites' claim against Dr. White, individually, was never reported to Oceanus by Dr. White, no coverage was triggered under the terms of the policy. We again assume that separate coverage exists under the Oceanus policy.

The Oceanus policy specifies that coverage is limited to "claims that are first made against the insured and reported" to Oceanus while the policy is in force. The policy became effective December 15, 2007, and expired on December 15, 2008. After carefully reviewing the record, we

6

are unable to find that the Whites made a claim against Dr. White in his individual capacity that he would have been required to report to Oceanus within the policy period.

The Oceanus policy is a claims-made-and-reported policy. *See Prodigy Communications Corp. v. Agricultural Excess & Surplus Ins. Co.*, 288 S.W.3d 374, 379-80 n.7 (Tex. 2009) (a claims-made policy requires that the claim be made within the policy period and a claims-made-and-reported policy additionally requires that the claim be reported to the insurer within the policy period). In *Prodigy*, the Supreme Court observed that a claims-made policy's requirement that a claim be made within the policy period "'defines the limits of the insurer's obligation, and if there is no timely notice, there is no coverage.'" *Id*. at 380 *quoting* 13 COUCH ON INSURANCE 3d § 186:13. Likewise, a requirement that the claim be reported to the insurer within the policy period "define[s] the scope of coverage by providing a certain date after which an insurer knows it is no longer liable under the policy." *Id*. *quoting Resolution Trust Corp. v. Ayo*, 31 F.3d 285, 289 (5th Cir. 1994). For these reasons, any policy provisions providing individual coverage to Dr. White were not triggered.

We also find the Whites' assertion that Oceanus must, but cannot, demonstrate prejudice from the failure of Dr. White to provide notice of their purported claim against Dr. White to be without merit. The Supreme Court has held that when an insurer denies payment on a claims-made policy upon the basis of breach of the policy's prompt-notice provision, and notice is given within the policy's period, the insurer must show prejudice. *Financial Industries Corp. v. XL Specialty Ins. Co.*, 285 S.W.3d 877, 878 (Tex. 2009). However, the insurer's knowledge of a claim does not preclude the insurer from showing prejudice as a matter of law. *See Jenkins v. State and County Mut. Fire Ins. Co.*, 287 S.W.3d 891, 895 (Tex. App. – Fort Worth 2009, pet.

7

denied) (addressing prejudice for failure to comply with occurrence-based policy's notice provisions and comparing claims-made prompt-notice condition).    In *Prodigy*, the Supreme Court explained that "[b]ecause the requirement that a claim be reported to the insurer during the policy period . . . is considered essential to coverage under a claims-made-and-reported policy, most courts have found that an insurer need not demonstrate prejudice to deny coverage when an insured does not give notice of a claim within the policy's specified time frame."    *Prodigy*, 288 S.W.3d at 381 (citations omitted).

Rather than addressing an untimely notice of claim made within the policy term or other reporting period specified by the policy as the Supreme Court did in *Prodigy*, we are faced with a record which shows that no claim was made against Dr. White, individually, under the Oceanus policy, and no claim against Dr. White in his individual capacity was reported to Oceanus within the policy period.    *See id.* at 383-84.    In other words, there was no claim made against Dr. White, individually, under the Oceanus policy that Dr. White could report to Oceanus.    Because the essential report of a claim against Dr. White was not made, and could not have been made, to Oceanus, we conclude that Oceanus need not demonstrate prejudice to deny coverage.    *Prodigy*, 288 S.W.3d at 381.    Issue Two is sustained.

## CONCLUSION

Having sustained Issues One and Two, we reverse the trial court's judgment, render the judgment the trial court should have rendered, and declare that the Oceanus policy does not cover the claims of the Whites, as parents and next friends of H.W., a minor, against Shawn White, M.D. under the Oceanus policy.    TEX. R. APP. P. 43.2(c).

GUADALUPE RIVERA, Justice

May 25, 2012

8

Before Rivera, J., Antcliff, J., and Chew, C.J. (Senior)
Chew, C.J. (Senior), sitting by assignment