

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00270-CV

IN RE LANDMARK AMERICAN INSURANCE COMPANY, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

September 3, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Landmark American Insurance Company (Relator) petitions for a writ of mandamus directing the Honorable Pat Phelan, 286th Judicial District, Hockley County, (Respondent) "to vacate his order compelling Relator to present a corporate representative for deposition." It believes itself entitled to same because "the trial court clearly abused its discretion by misapplying Texas law and ordering a deposition that falls outside the scope of discovery." We conditionally grant the writ.

*Background*

The underlying suit involves asphalt testing. Levelland Independent School District needed a new parking lot, and Lubbock Labs, Inc. (Labs) was retained to test the asphalt. Those tests were done but allegedly proved faulty. That resulted in the contractor

replacing the asphalt and suing Labs to recoup the loss. A demand letter was sent to Labs on March 28, 2016. At the time, Labs was the named insured of a professional liability policy issued by Landmark. The policy term ran from May 8, 2015, to May 8, 2016. Through the policy, Landmark agreed to "pay on behalf of the Insured . . . all sums that the Insured becomes legally obligated to pay as Damages . . . provided that the . . . Claim is first made against the Insured during the Policy Period, and reported to the Company no later than sixty (60) days after the end of the Policy Period."

Labs timely forwarded the contractor's demand letter to the insurance agency from which it acquired the Landmark policy (BCT). Yet, that agency did not deliver the correspondence to Landmark until February of 2017, or approximately nine months after the May 2016 date on which the policy expired. Consequently, Landmark denied coverage due to the belatedness of the notice, despite agreeing to provide a defense. That resulted in Labs filing a third-party petition against the insurer and BCT wherein Labs, in effect, sought to enforce the policy and recover damages.

Once Landmark answered Lab's third-party petition and moved for both a traditional and no-evidence summary judgment, Labs moved to compel the deposition of Landmark. Allegedly, the sole purpose for that deposition was to discover whether the delay in notifying Landmark of the contractor's claim actually caused the insurer to suffer prejudice. If it did not, then Labs believed the delay was inconsequential and the policy was enforceable. Landmark disagreed; it believed the topic of prejudice was irrelevant. The trial court ultimately heard the motion to compel and ordered Landmark to cooperate in scheduling "the requested corporate deposition within the next 60 days and/or a date

2

that is mutually agreeable to all parties." That order underlies the petition for writ of mandamus.

*Disposition*

The standard of review is well settled and needs no explanation here. Instead, we refer the parties to its discussion in the seminal opinion of *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding), and our opinion in *In re Hesse*, 552 S.W.3d 893 (Tex. App.—Amarillo 2018, orig. proceeding).

The substantive issue before us is rather straightforward. It implicates the delay in notifying Landmark of the contractor's claim and whether the failure to abide by the notice provision in the insurance agreement bars enforcement of the policy. Labs invoked the Supreme Court opinion in *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630 (Tex. 2008), to say it does not. Landmark invoked the Supreme Court opinion in *Prodigy Comm'ns Corp. v. Agric. Excess & Surplus Ins. Co.*, 288 S.W.3d 374 (Tex. 2009), to say it did.

In answering the dispute, we turn to the Supreme Court's opinion in *Fin. Indus. Corp. v. XL Specialty Ins. Co.*, 285 S.W.3d 877 (Tex. 2009). After discussing *Prodigy*, the *Financial Industries* court held "an insurer must show prejudice to deny payment on a claims-made policy, when the denial is based upon the insured's breach of the policy's prompt-notice provision, but the notice is given within the policy's coverage period." *Id.* at 879. It so held after observing that "for the insurer, the inherent benefit of a claims-made policy is the insurer's ability 'to "close its books" on a policy at its expiration and thus to attain a level of predictability unattainable under standard occurrence policies.'" *Id.* at 878. Since notice of the claims was afforded the insurer within the policy's term in *Prodigy*, the insured's "alleged failure to give notice 'as soon as soon as practicable' was

immaterial because it did not interfere with this benefit." *Id.* at 878; *accord Nicholas Petrol., Inc. v. Mid-Continent Cas. Co.*, No. 05-13-01106-CV, 2015 Tex. App. LEXIS 7489, at *16 (Tex. App.—Dallas July 21, 2015, no pet.) (mem. op.) (citing *Prodigy* and stating that "[b]ecause the purpose of a claims-made policy is to define the limits of the insurer's obligation, when there is no timely notice, there is no coverage").

Here, no one disputes that the policy acquired by Labs was a claims-made, as opposed to an occurrence, policy. *See Prodigy Comm'ns Corp.*, 288 S.W.3d at 379 (quoting 3 ROWLAND H. LONG, THE LAW OF LIABILITY INSURANCE § 12A.05[3] (2006), and explaining that a claims-made policy only covers those claims first asserted against the insured during the policy period and provides unlimited retroactive coverage without prospective coverage while an occurrence policy covers only claims arising out of occurrences happening within the policy period regardless of when the claim is made and provides unlimited prospective coverage without retroactive coverage). Similarly undisputed is that Landmark was not notified of the contractor's claim against Labs until after expiration of both the policy term and the sixty-day grace period appended to its end. Given these circumstances, whether Landmark suffered prejudice due to the delay in notice is irrelevant. *See Oceanus Ins. Co. v. White*, 372 S.W.3d 700, 705 (Tex. App.—El Paso 2012, no pet.) (quoting *Prodigy* and stating that, with a claims-made policy, a claim must be made within the policy period and, without timely notice, there is no coverage). In allowing Labs to depose Landmark on the topic of prejudice, the trial court held otherwise. That decision constitutes an instance of abused discretion because the trial court's decision failed to comport with settled law. *See In re C.M.G.*, 339 S.W.3d 317,

4

319 (Tex. App.—Amarillo 2011, no pet.) (stating that a trial court abuses its discretion when its decision fails to comport with guiding rules and principles).

Next, and as we stated in *In re Barlow*, No. 07-05-00321-CV, 2005 Tex. App. LEXIS 8523 (Tex. App.—Amarillo Oct. 14, 2005, orig. proceeding) (mem. op.), "a party will not have an adequate remedy by appeal when a discovery order compels the production of patently irrelevant documents." *Id.* at *7. While the dispute at bar is not one directly related to the production of documents, it is one involving discovery on an irrelevant topic, i.e., prejudice arising from notice given after expiration of the policy and notice period. Thus, what we said in *Barlow* is no less applicable here.

The record and circumstances before us depict both a clear abuse of discretion and the absence of an adequate legal remedy through appeal. Thus, we conditionally issue a writ of mandamus. In light of our opinion, should Respondent not vacate, on or before September 18, 2019, its order of July 15, 2019, directing Landmark to schedule and appear for deposition, we will direct the Clerk to issue the writ.

Per Curiam